[No. 32949.   Department Two.   February 11, 1955.]

JULIUS M. PETERS, *Respondent,* v. SNOHOMISH COUNTY, *Appellant.*[1]

*O. D. Anderson* and *J. P. Hunter,* for appellant.

*Kennett, McCutcheon & Soderland,* for respondent.

[1]Reported in 279 P. (2d) 1085.

Rosellini, J.—The appellant, Snohomish county, shall hereinafter be referred to as defendant, and the respondent, Julius M. Peters, as plaintiff.

The plaintiff was an employee of the Napa Construction Company. He was driving a 1946, V-8 truck, loaded with approximately six thousand feet of rough lumber when an accident occurred on what was commonly known as the Arlington-Oso county road. The road was a black-topped surface with a high crown which contained many curves, depressions, low spots, and swales. It generally followed the contour of the uneven ground. Plaintiff was injured when the truck hit a depression in the road and overturned. Exercising the right given him under the workmen's compensation act, Laws of 1939, chapter 41, § 2, p. 123 (Rem. Rev. Stat. (Sup.), § 7675 [*cf.* RCW 51.24.010]), he elected to sue the county, alleging negligence in the maintenance of the county road. The defendant appeals from the judgment entered on the verdict in favor of plaintiff.

Defendant assigns error to the trial court's ruling in sustaining a demurrer to its fourth affirmative defense, wherein it claimed immunity from suit under the statute. Further error is assigned to the trial court's refusal of the offer of proof made in support of this defense.

The arguments under both of these assignments are addressed to the same legal question—whether the "operation" of a system of county roads and highways is extrahazardous employment within the meaning of the act—and the answer to that question will determine the correctness of both rulings.

In its fourth affirmative defense, the county alleged that the plaintiff, an employee of Napa Construction Company, was covered by the act and was in the course of his employment at the time of the injury for which he sought recovery from the county. It further alleged that the defendant and certain of its employees were covered under the act; that the defendant owned, operated, and maintained within Snohomish county a system of roads and highways; and that the road upon which the accident occurred was an integral part of the system.

At the trial, the defendant offered to prove that the county's employees engaged in maintenance, operation, upkeep, and repair of the roads and bridges in Snohomish county were covered by industrial insurance under. the workmen's compensation act and that all required premiums had been paid by the county. It further offered to prove that the plaintiff was likewise covered. There was no attempt to prove, nor is it contended here, that the employees of the county were engaged in any maintenance or construction operation at the time of the accident, or that the injury to the plaintiff arose out of any employment operation being conducted by the county.

The applicable portion of Laws of 1939, chapter 41, § 2, reads:

". . . if the injury to a workman is due to the negligence or wrong of another not in the same employ, the injured workman . . . shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section; . . . *Provided, however, That no action may be brought against any employer or any workman under this act as a third person if at the time of the accident such employer or such workman was in the course of any extra-hazardous employment under this act.*" (Italics ours.)

Conceding that the defendant at the time of the accident was covered under the act, was it "in the course of any extrahazardous employment" within the meaning of the act?

The defendant contends that, in maintaining and operating a system of roads, the county is at all times in the course of extrahazardous employment, and that any workman covered by the industrial insurance act, not employed by the county, who is injured as a result of a defect in one of its roads cannot sue the county. It relies upon the case of *Weiffenbach v. Seattle*, 193 Wash. 528, 76 P. (2d) 589 (1938), wherein the plaintiff, a workman not in the employ of the city, was making a survey of a building for repairs. He was injured when a metal tape measure he was using came into contact with a high voltage wire. The wire was carried on poles along the city street and across the top of the

building. One of the poles carrying the high voltage wire had leaned toward the building, causing the wire to sag over the roof. At the time of the accident, plaintiff was engaged in extrahazardous employment; and the question presented was whether the defendant was similarly engaged. The plaintiff argued that, before the city could claim exemption under the act, it must have at least one employee actually working at the scene of the accident; and that it could not claim such immunity when the plaintiff's injuries were caused by a dangerous condition which the defendant had created or permitted to exist. We concluded that the operation of an electric light and power system is not the mere maintenance of a dangerous condition:

"While, to the eye, the high voltage wire would seem a dead, inanimate thing, it was in fact a conductor for the transmission of one of the most deadly forces known to man. It was transmitting this force from the source of its generation to its ultimate destination as an instrumentality of the respondent in the conduct of its industry."

In distinguishing the *Weiffenbach* case, we said in a later decision:

"The city was held to be immune from suit, but the basis of the holding was that the high voltage transmission line was an integral part of an extrahazardous operation which the city was carrying on at the time of the accident." *Gephart v. Stout,* 11 Wn. (2d) 184, 118 P. (2d) 801 (1941).

The *Gephart* case arose out of an intersection collision. The defendant, an employer, had brought himself under the act as far as his employment operations were concerned, but at the time of the accident he was driving his automobile on a personal errand. The plaintiff, a workman covered by the act but not in the employ of the defendant, was operating a truck in the course of his employment. We held that the plaintiff could properly elect to bring a common-law action against the defendant and forego compensation under the act, adopting the language of *Pryor v. Safeway Stores, Inc.,* 196 Wash. 382, 83 P. (2d) 241 (1938):

" 'Plainly, under this limitation, an employer under the act, either under the compulsory or elective provisions, is

immune from an action in damages for negligent injury of a workman not in his employ only when, *"at the time of the accident,"* such employer is engaged in *"extra-hazardous employment."* ' "

We further said:

"The negligent act or omission which is the basis of the workman's cause of action must arise out of, or be in some way connected with, an extrahazardous employment or business then being carried on by the employer. We do not think the legislature intended, by the statutory proviso in question, to grant to every individual who may happen to own an extrahazardous business or a business having some extrahazardous phase, a blanket immunity from suit as a third party employer for his personal negligence at all times, in all places, and in connection with all activities in which he may engage."

While in the present case, the injury resulted from a dangerous condition maintained by the defendant in the course of its function as a municipal corporation, rather than from its "personal" negligence, it did not arise out of any extrahazardous employment then being carried on by the defendant.

The defendant argues that the county operates a county highway system in the same sense that the city operates an electric power line. We cannot agree. We found in *Weiffenbach v. Seattle, supra,* that electric power flows through power lines as a result of the constant activity of the employees. The holding of the case was peculiar to the facts involved, and we do not believe that the immunity of the statute should be extended to an employer whose liability arises out of a static condition which he permits to exist, rather than an employment activity being carried on at the time of the injury.

We conclude that the offers of proof made at the trial were not sufficient to bring the defendant within the immunity of § 2, chapter 41, Laws of 1939 [*cf.* RCW 51.24.010], and the trial court properly refused them. The demurrer, likewise, was properly sustained.

The defendant assigns as further errors the court's refusal to give defendant's requested instructions Nos. 8 and 9;

its refusal to grant defendant's motion for judgment 'notwithstanding the verdict or in the alternative for a new trial; and the entering of judgment upon the verdict. We have examined each assignment of error and the record, together with the pertinent law, and find there were no errors.

The judgment is affirmed.

HAMLEY, C. J., HILL, MALLERY, and WEAVER, JJ., concur.