[No. 32373. Department One. September 25, 1953.]

ELMA TRAVIS ASH *et al., Appellants,* v. S. S. MULLEN, INC., *Respondent.*[1]

*Skidmore & Critchlow,* for appellants.

*Rummens, Griffin & Short* and *Paul R. Cressman,* for respondent.

[1]Reported in 261 P. (2d) 118.

Hill, J.—Quaere: Can the wife of a workman injured by his employer's negligence recover for her loss of consortium caused by the injury when the workman is one who is within the scope and protection of the Washington state workmen's compensation act?

Answer: No.

Reason: The reason for the negative answer is two-fold:

■ First, the wife could not maintain such an action at common law, and no statute of this state gives her such a right. The almost universally recognized rule, as taken from 3 Restatement, Torts, § 695, is:

"A married woman is not entitled to recover from one who, by his tortious conduct against her husband has become liable to him for illness or other bodily harm, for harm thereby caused to any of her marital interests or for any expense incurred in providing medical treatment for her husband."

The author of the annotation on "Wife's right of action for loss of consortium" in 23 A. L. R. (2d) 1378, states in § 7 (p. 1389) that the great weight of authority denies to the wife a right of action for loss of consortium resulting from a negligent injury to her husband.

No statute is suggested as giving her such a right unless it be RCW 26.16.160 [cf. Rem. Rev. Stat., § 6901], abolishing civil disabilities imposed upon a wife which are not imposed upon her husband. Such statutes are held to remove existing disabilities of the wife, and not to create any new rights or causes of action. *Sheard v. Oregon Electric R. Co.,* 137 Ore. 341, 2 P. (2d) 916 (1931); *Howard v. Verdigris Valley Electric Co-op.,* 201 Okla. 504, 207 P. (2d) 784 (1949); sée, also, annotation above referred to, § 12 (p. 1395).

(In this action, the husband is joined as a party plaintiff, doubtless because of RCW 4.08.030 [cf. Rem. Rev. Stat., § 181], which specifically limits the actions which a married woman may bring without joining her husband; and then, since it must be conceded that he is not entitled to any recovery against his employer except that provided by the workmen's compensation act, it is alleged that prior to the institution of the action the husband, by an agreement in

writing, waived his community interest and acknowledged that any recovery had in this action was to be the separate property of his wife. While we have doubts about the efficacy of this procedure to accomplish the desired result, for the purposes of this decision we have assumed its efficacy, in order that we might meet the basic issue squarely.)

■ Second, our workmen's compensation act bars such an action. Our statute is intended to provide

". . . sure and certain relief for workmen, injured in extrahazardous work, and their families and dependents . . . regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation . . . .";

and to that end,

". . . all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, . . . ." RCW 51.04.010 [cf. Rem. Rev. Stat., § 7673].

The "families" of injured workmen referred to in this section certainly include wives. See *Collins v. Northwest Cas. Co.,* 180 Wash. 347, 352, 39 P. (2d) 986, 97 A. L. R. 1235 (1935), for a discussion of what is included in a family.

Our workmen's compensation act provides that the monthly payments for permanent total disability (Laws of 1951, chapter 115, § 2, p. 284; RCW 51.32.060) and for temporary total disability (Laws of 1951, chapter 115, § 3, p. 285; RCW 51.32.090) shall vary in accordance with the workman's marital status and the number of children; and death benefits are also provided for the widow and children (Laws of 1951, chapter 115, § 1, p. 282; RCW 51.32.050). It could hardly be made more explicit that, in providing sure and certain relief for injured workmen and their families irrespective of fault, the statute also abolishes all civil causes of action for the injuries sustained, except as therein specifically provided.

There have been, in other states, numerous cases in which husbands have sought to recover damages for the loss of services and consortium caused by injuries sustained by their wives as a result of the negligence of the wives' em-

ployers, and for such loss there was a recognized common-law right of recovery; however, when it has appeared to be the intent of the workmen's compensation act that the liability of the employer thereunder should be exclusive, the courts have held the husband's action for loss of services and consortium caused by the injury to the wife to be barred. *Swan v. F. W. Woolworth Co.*, 129 Misc. 500, 222 N. Y. S. 111 (1927); *McVey v. Chesapeake & Potomac Tel. Co.*, 103 W. Va. 519, 138 S. E. 97 (1927); *Sharp v. Producers' Produce Co.*, 226 Mo. App. 189, 47 S. W. (2d) 242 (1932); *Holder v. Elms Hotel Co.*, 338 Mo. 857, 92 S. W. (2d) 620, 104 A. L. R. 339 (1936); *Napier v. Martin*, 250 S. W. (2d) (Tenn.) 35 (1952); *Danek v. Hommer*, 14 N. J. Super. 607, 82 A. (2d) 659 (1951), 9 N. J. 56, 87 A. (2d) 5 (1952); *Guse v. A. O. Smith Corp.*, 260 Wis. 403, 51 N. W. (2d) 24 (1952). In the case last cited, the Wisconsin statute provided:

" 'Where such conditions [defining compensable injury] exist the *right to the recovery of compensation pursuant to the provisions of this chapter shall be the exclusive remedy against the employer.*' "

The court there said that the legislature intended to impose upon employers an absolute liability regardless of fault, and in return for this burden intended to grant employers immunity from all tort liability on account of injuries to employees. We think that this was even more clearly the intent of the Washington legislature.

DISCUSSION OF APPELLANTS' AUTHORITIES: Appellants place their principal reliance upon *Hitaffer v. Argonne Co.*, 183 F. (2d) 811, certiorari denied 340 U. S. 852, 95 L. Ed. 624, 71 S. Ct. 80 (1950), wherein the court of appeals for the District of Columbia allowed recovery by a wife for loss of consortium in spite of a section of the Federal longshoremen and harbor workers' compensation act, 44 Stat. 1424 *et seq.*; 33 U. S. C. A. (Sup.), § 901 *et seq.*, which reads:

"The liability of an employer prescribed in section 904 of this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from

such employer at law or in admiralty on account of such injury or death." 44 Stat. 1426; 33 U. S. C. A. (Sup.), § 905.

The opinion in this case contains an analysis of the state of the law with reference to a wife's right to maintain an action predicated upon the negligence of a party responsible for an injury to her husband. Judge Clark, who wrote the opinion, said:

"Although this is the first time this question has been presented to this court, we are not unaware of the unanimity of authority elsewhere denying the wife recovery under these circumstances. As a matter of fact we have found only one case in which the action was allowed, and that authority has since been effectively overruled. But after a careful examination of these cases we remain unconvinced that the rule which they have laid down should be followed in the District of Columbia."

Judge Clark then proceeded with an analysis of many cases and arrived at a complete disagreement with their *ratio decidendi.*

As a result of the decision in the *Hitaffer* case, the question of the right of a wife to maintain such an action has been raised anew in several states; but, so far as we have been able to discover, not a single appellate court in any state has been willing to follow that case. Those refusing to follow it have been Florida: *Ripley v. Ewell,* 61 So. (2d) (Fla.) 420 (1952); New Jersey: *Danek v. Hommer, supra; Larocca v. American Chain & Cable Co.,* 23 N. J. Super. 195, 92 A. (2d) 811 (1952); New York: *Passalacqua v. Draper,* 107 N. Y. S. (2d) 812 (1951), reversing the decision of the trial court reported in 199 Misc. 827, 104 N. Y. S. (2d) 973 (1951) (The opinion of the trial judge in that case was cited and quoted at length by appellants here.); Kentucky: *La Eace v. Cincinnati, Newport & Covington R. Co.,* 249 S. W. (2d) (Ky. App.) 534 (1952); Oklahoma: *Nelson v. A. M. Lockett & Co.,* 206 Okla. 334, 243 P. (2d) 719 (1952); Wisconsin: *Guse v. A. O. Smith Corp., supra.* In addition to the foregoing state appellate court decisions, we find the following decisions in the state of New York in which trial courts have declined to follow the *Hitaffer* case: *Lurie v. Mam-*

*mone,* 200 Misc. 320, 107 N. Y. S. (2d) 182 (1951); *Cook v. Snyder,* 119 N. Y. S. (2d) 481 (1953).

Although several of the courts have been impressed by the logic and reasoning in the *Hitaffer* opinion on the issue of whether a wife should have such a cause of action, they have expressed the opinion that the common-law rule that· she has no such right is so universal and of such long standing that any change should be made by the legislature. *Ripley v. Ewell, supra; Larocca v. American Chain & Cable Co., supra* (concurring opinion). The Oregon supreme court, nine years prior to the *Hitaffer* case, in an extensive survey of the law on this question and the reasons for it, suggested that if a change was desired it should be by legislative action. *Sheard v. Oregon Electric R. Co., supra.*

The circuit court of the District of Columbia, which decided the *Hitaffer* case, has pointed out that that case has no application where the law of the state in which the injury occurred does not recognize such a right of action by the wife. *O'Neil v. United States,* 202 F. (2d) 366 (1953). In the latter case, although the parties lived in the District of Columbia, the injury had occurred in Maryland, which does not recognize such a cause of action by a wife, and the *Hitaffer* case was held to have no applicability. For the same reason, the sixth circuit court of appeals refused to follow the *Hitaffer* case in *Werthan Bag Corp. v. Agnew,* 202 F. (2d) 119 (1953). In the latter, the injury had occurred in Arkansas, and, there being no applicable state decisions, the circuit court reviewed the decisions of other state courts and said:

"Not being privileged, as we believe, to declare the law of Arkansas upon the common-law question here presented to be contrary to the virtually unanimous authority of the other state courts of the Union, we follow these state authorities in the absence of a controlling Arkansas decision and, accordingly, uphold the judgment of the district court, dismissing the wife's action for the loss of consortium of her husband through the negligence of the appellee corporation."

A United States district court in Nebraska has, however, followed the *Hitaffer* case. *Cooney v. Moomaw,* 109 F. Supp. 448 (1953).

To arrive at its ultimate conclusion in the *Hitaffer* case, the court of appeals of the District of Columbia—in addition to its holding, heretofore discussed, that a wife had a cause of action for the loss of services and consortium occasioned by an injury to her husband caused by a third party's negligence—had to hold that the Federal longshoremen and harbor workers' compensation act, *supra,* did not by its terms bar such an action when the third party was the husband's employer and the injury to the husband was within the scope and coverage of that act. On this phase of that decision, we quote the Wisconsin case of *Guse v. A. O. Smith Corp., supra:*

"In support of plaintiff's contention that he is entitled to recover damages for loss of consortium he relies upon cases in some jurisdictions to that effect, including *Hitaffer v. Argonne Co., Inc.* (D. C.), 183 Fed. (2d) 811. As to the decision in that case it should be noted that as stated in *Danek v. Hommer, supra,* the *Hitaffer Case* deals not with solely the Workmen's Compensation Act—as enacted, interpreted, and applied for over thirty years in New Jersey— and likewise Wisconsin—but deals also with the federal Longshoremen's and Harbor Workers' Compensation Act, 44 Stats. at L., p. 1424 *et seq.,* 33 USCA, sec. 901 *et seq.,* the terms of which differ from the provisions of the New Jersey and the Wisconsin Workmen's Compensation Acts. Moreover the authorities relied upon by the court in the *Hitaffer* opinion (*Rich v. United States* (D. C.), 177 Fed. (2d) 688, and *The Tampico* (D. C. N. Y.), 45 Fed. Supp. 174) were cases which held that an employer had a continuing tort liability under the Longshoremen's and Harbor Workers' Compensation Act. Such a doctrine is inimical to the Wisconsin Workmen's Compensation Act, *Buggs v. Wolff,* 201 Wis. 533, 230 N. W. 621, and to the great majority of other state compensation acts."

In an extensive case note on the *Hitaffer* case, 36 Cornell L. Q. 148, the author, while approving the court's conclusion that a wife should have a cause of action for loss of consortium, emphatically disagrees with the result in that case

because of what is called "the strained interpretation" of § 905 of the longshoremen and harbor workers' compensation act, and concludes that the opinion cannot be reconciled with the purposes and principles of the workmen's compensation cases.

We decline to follow the *Hitaffer* case on either of the issues presented.

The trial court having sustained a demurrer to the wife's amended complaint wherein she sought damages from her husband's employer for her loss of consortium caused by an injury sustained by her husband in consequence of the negligence of the employer, which injury was within the scope of and covered by the workmen's compensation act, and the trial court having dismissed the action when the wife refused to plead further, the order of dismissal is affirmed.

GRADY, C. J., MALLERY, WEAVER, and OLSON, JJ., concur.