[No. 45663.  En Banc.  May 24, 1979.]

RICHARD D. THOMPSON, ET AL, *Respondents*, v. LEWIS COUNTY, *Petitioner*.

*Reed, McClure, Moceri & Thonn, P.S.,* by *William R. Hickman,* for petitioner.

*H. Frank Stubbs,* for respondents.

WRIGHT, J.—This is an appeal from the Superior Court for Pierce County. The matter initially was taken to the Court of Appeals for Division Two and from there certified to this court. The respondent raises two questions: (1) Can an action be maintained against the employer county based upon alleged failure to properly construct and maintain a county road or is the injured workman's exclusive remedy under the Washington workmen's compensation system? and (2) Is there an action in this state for loss of consortium?

Respondent Richard Thompson was an employee of the Lewis County Road Department and was driving a county truck in the course of his employment on July 26, 1974. A vehicle pulled onto the county road in front of the truck respondent was driving and stalled. In avoiding a collision

respondent drove the county truck off the roadway where-
upon it rolled over and struck a tree. Respondent was seri-
ously injured, becoming a quadriplegic. He made claim
under the Washington workmen's compensation act and
has received benefits thereunder.

Respondent now seeks to sue the county upon a theory of
dual capacity; that is, in one capacity it was his employer,
in the other capacity it was a municipal corporation or gov-
ernmental agency with a duty to properly construct and
maintain county roads for the use and benefit of the public.
In this connection it should be noted that the respondent
was employed by the road department which is the same
county department which had the duty to maintain the
road.

We reverse the Superior Court and dismiss the action for
the reason that under the facts of this case the sole remedy
available to respondent was given by the workmen's com-
pensation act.

The original creation of the system of workmen's com-
pensation or industrial insurance in Washington was effec-
tuated by chapter 74 of Laws of 1911. Section 1 of that
original act provides:

> The common law system governing the remedy of
> workmen against employers for injuries received in haz-
> ardous work is inconsistent with modern industrial con-
> ditions. In practice it proves to be economically unwise
> and unfair. Its administration has produced the result
> that little of the cost of the employer has reached the
> workman and that little only at large expense to the
> public. The remedy of the workman has been uncertain,
> slow and inadequate. Injuries in such works, formerly
> occasional, have become frequent and inevitable. The
> welfare of the state depends upon its industries, and even
> more upon the welfare of its wage-worker. The State of
> Washington, therefore, exercising herein its police and
> sovereign power, declares that all phases of the premises
> are withdrawn from private controversy, and sure and
> certain relief for workmen, injured in extra hazardous
> work, and their families and dependents is hereby pro-
> vided regardless of questions of fault and to the exclusion

of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided.

The original act was carefully planned and showed concern for the rights of both employers and employees with every effort to balance those rights. That language has stood the test of time, for the present RCW 51.04.010 contains language almost identical. One change is that the words "injured in extra hazardous work" have been changed to "injured in their work" which reflects the extension of the act to practically all employment. The only other change is from the word "act" used in 1911 (before the existence of any official codification) to "title".

Another provision of the original act evidencing the same intention is section 5 which in part provides: "and, except as in this act otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever." RCW 51.32.010 contains identical language except the word "title" is substituted for the word "act".

At the time of the injury RCW 51.24.010 was in effect. It provided in part:

> If the injury to a workman is due to negligence or wrong of another not in the same employ, the injured workman or, if death results from the injury, the surviving spouse, children, or dependents, as the case may be, shall elect whether to take under this title or seek a remedy against such other . . .

That section was repealed in 1977 and RCW 51.24.030 was substituted, which contains the words "third person not in the same employ".

■ Where the language of the statutes involved is clear and unambiguous it requires no construction or interpretation. *State ex rel. Evans v. Brotherhood of Friends,* 41 Wn.2d 133, 145, 247 P.2d 787 (1952); *State v. Roth,* 78 Wn.2d 711, 714, 479 P.2d 55 (1971); *State ex rel. Hagan v.*

*Chinook Hotel, Inc.,* 65 Wn.2d 573, 580, 399 P.2d 8 (1965). This rule has been reiterated in regard to the very act in question here. In *Lowry v. Department of Labor & Indus.,* 21 Wn.2d 538, 542, 151 P.2d 822 (1944), we said:

> We are not unmindful of the rule that the workmen's compensation act shall be liberally construed in favor of its beneficiaries, but, where the language of the act is not ambiguous and exhibits a clear and reasonable meaning, there is no room for construction. Under such circumstances, the so-called construction would, in fact, be legislation.

■ The cases are legion where it has been held that common-law actions have been abolished as between employee and employer when based upon injury or death of the employee, and that the workmen's compensation act provides the exclusive remedy. Among the cases so holding are: *Montoya v. Greenway Aluminum Co.,* 10 Wn. App. 630, 519 P.2d 22 (1974); *Kelley v. Howard S. Wright Constr. Co.,* 90 Wn.2d 323, 582 P.2d 500 (1978); *Seattle-First Nat'l Bank v. Shoreline Concrete Co.,* 91 Wn.2d 230, 588 P.2d 1308 (1978). None of the above cases deals directly with the dual capacity theory for the obvious reason that the idea is novel in this state.

A brief examination will be made of the more relevant authorities relied upon by respondent. The Washington case most relied upon by respondent and by the trial court is *Peters v. Snohomish County,* 46 Wn.2d 192, 279 P.2d 1085 (1955). That case is not in point. The plaintiff therein (Peters) was employed by a construction company to drive a lumber truck. The work he was doing had no connection with the county. Peters was injured when the truck he was driving overturned due to defects in the county road. He was acting as a member of the public which was his only reason for being on the county road. The instant case is substantially different from *Peters.*

Before discussing cases from other states it should be mentioned that the statutes in other states are different from ours. In 1916 we said in *Stertz v. Industrial Ins.*

*Comm'n,* 91 Wash. 588, 604, 158 P. 256 (1916) "[t]o seek authority in the decisions of other states is useless, for other statutes have no resemblance to ours." Our statute has always been one of the most stringent in the elimination of causes of action against employers.

The case most relied on from another jurisdiction is *Marcus v. Green,* 13 Ill. App. 3d 699, 300 N.E.2d 512 (1973). In that case the facts were most unusual and subsequent Illinois decisions have limited its effect. In *Walker v. Berkshire Foods, Inc.,* 41 Ill. App. 3d 595, 354 N.E.2d 626 (1976), the Illinois court said in part:

> If the *Marcus* decision retains any viability at the present time, it is limited to the principle that the Workmen's Compensation Act bars all other remedies of an employee against his employer unless that employer is existing as one or more distinct legal entities.

*Walker,* at 598.

In view of the clear language of the statute we hold that under the circumstances here presented the respondent has no cause of action for his injuries. In light of that determination it is not necessary to discuss the matter of loss of consortium.

The judgment of the trial court is reversed and the action dismissed.

UTTER, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.