OPINION OF THE COURT
Gerard M. Weisberg, J.
We are mindful of the ramifications of the resolution of the issue presented, namely, what remedy is available to an employee of a State agency who is injured in the course of his employment due to the negligence of another State agency.
Claimant, Thomas Linzee, is an employee of the defendant State of New York. He works for the Mental Health Information Service (Service), interviewing patients at hospitals with respect to their legal status and investigating allegations of patient abuse. The office in which claimant serves is under the jurisdiction of the Appellate Division of the Second Judicial Department and is administered by the Office of Court Administration. (See Mental Hygiene Law, § 29.09; 22 NYCRR part 694.) The latter is also a State agency. (See McKinney v State of New York, 111 Misc 2d 382.)
On Monday, January 19,1981, at 8:15 a.m., claimant left his home and drove to his office located in building No. 20 at Pilgrim Psychiatric Center, a State mental health fácil *208 ity. When he arrived he parked his car in a lot adjacent to the premises and went inside. At approximately 10:00 а. m., he left to visit a patient residing with a family in the community. While proceeding to his car, he slipped and fell on a snowbank near the lot and allegedly was injured. Subsequently, this action was commenced seeking damages for the State’s purported negligence in allowing the presence of “hillocks and hummocks of snow and ice.”
Defendant has raised the affirmative defense that workers’ compensation is the sole and exclusive remedy. (See Workers’ Compensation Law, § 11.) At the time of trial a claim arising out of this incident was in fact pending before the Workers’ Compensation Board (Board). This body has primary jurisdiction with respect to the applicability of the Workers’ Compensation Law. (O’Rourke v Long, 41 NY2d 219.) It would be inappropriate for this court to express any views concerning unresolved matters now before the Board. (Botwinick v Ogden, 59 NY2d 909.)
Claimant argues that his injury was not due to the negligence of a co-worker within the Service but rather resulted from the actions of an employee of another State body, the Office of Mental Health which administers Pilgrim Psychiatric Center. (See Mental Hygiene Law, § 7.17.) Since his injuries were allegedly caused by the negligence of a party who was not a coemployee, claimant states that he is not restricted in his recovery to workers’ compensation. (Cf. Workers’ Compensation Law, § 29, subd б. )
This reasoning is flawed. The two agencies involved are not separate legal entities but divisions of State government. (See People v Abbott Manor Nursing Home, 70 AD2d 434, affd 52 NY2d 766; Tillot v New York State Thruway Auth., 107 Misc 2d 229; see, also, Wyatt v County of Putnam, 75 AD2d 850.) Employees of the Service and the Office of Mental Health work for the same employer, the defendant. This is not a case where a semiautonomous public authority may be held liable. (See Tomlinson Constr. Co. v State of New York, 30 Misc 2d 1010, affd 16 AD2d 1032; see, also, Down v New York Auto. Ins. Plan, 95 Misc 2d 316.) Rather the proper defendant is the State of New York which both employs claimant and operates *209 Pilgrim Psychiatric Center. The Workers’ Compensation Law may not be circumvented by alleging a duality of identity where none exists.
Claimant also contends that the incident resulted from actions of State employees whose job-related duties were totally distinct from his own. This, it is argued, should permit a common-law action.
Employers frequently function in dual or multicapacities. Here, the State was providing valuable assistance to patients through the Service. It was also acting as the owner of a facility administered by the Office of Mental Health. Claimant, however, as an employee of the State, cannot hold his employer liable in its capacity as property owner for a job-related injury. As the Court of Appeals has stated in a similar context, “an employer remains an employer in his relations with his employees as to all matters arising from and connected with their employment. He may not be treated as a dual legal personality, ‘a sort of Dr. Jekyl and Mr. Hyde’.” (Williams v Hartshorn, 296 NY 49, 50-51, quoting Winter. v Doelger Brewing Co., 95 Misc 150, 153 [Guy, J., dissenting opn].) This rejection of the “dual capacity” doctrine in workers’ compensation cases has recently been reaffirmed by that court. (Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 159; see Murray v City of New York, 43 NY2d 400; Lane v Flack, 73 AD2d 65, affd 52 NY2d 856; Winter v Doelger Brewing Co., 175 App Div 796, affd 226 NY 581; Workers’ Compensation Law, § 29, subd 6; see, also, Heritage v Van Patten, 59 NY2d 1017.)
The conclusion thus reached makes explicit that which is implicit in the recent decisions of the Court of Appeals arising out of the Attica tragedy. (Cunningham v State of New York, 60 NY2d 248; Werner v State of New York, 53 NY2d 346; Jones v State of New York, 33 NY2d 275.) The underlying theme in those cases is that in the absence of intentional tort an employee of the Department of Correctional Services injured by State troopers has the sole remedy of workers’ compensation. (See, also, Jones v State of New York, 96 AD2d 105.)
In support of this action, claimant cites Sivertsen v State of New York (19 NY2d 698). That case involved an em *210 ployee of a State hospital who became ill during the course of a workday. While being taken to the infirmary, she fell from a stretcher when one of its guardrails broke. In permitting a common-law action, the Court of Appeals relied on the “rule” of Volk v City of New York (284 NY 279). There a nurse was permitted to bring an action against her employer because her “injury did not arise out of and in the course” of her employment. (Volk v City of New York, supra, p 283.)
Subsequently, the court distinguished those situations where an employee was injured due to malpractice in a facility open to the general public from those where the medical services were provided as incidental to employment. (Garcia v Iserson, 33 NY2d 421; see Weber v State of New York, 104 Misc 2d 947.) The availability of workers’ compensation is a bar to a common-law action in the latter situation. To the extent that Volk could be interpreted otherwise, it was specifically overruled. (Garcia v Iserson, supra, p 424.)
The pendency of a claim before the Board makes court consideration inappropriate, even in medical malpractice cases. (Botwinick v Ogden, 59 NY2d 909, revg 87 AD2d 293.) In addition, the theoretical basis for permitting a claimant to bring a common-law action against a medical facility open to the public is the fact that any injuries sustained were not “incidental” to his employment. (Garcia v Iserson, supra; Workers’ Compensation Law, §§ 10, 11; see Schulz v Wyckoff Hgts. Hosp., 51 AD2d 1026.)
Whether claimant’s alleged injuries are job related is a question properly left for determination by the Board. (O’Rourke v Long, 41 NY2d 219, 226-228.) For this court to make any decision in this regard would undermine the primary salutary goal of the Workers’ Compensation Law, to provide “a swift and sure source of benefits to the injured employee”. (O’Rourke v Long, supra, p 222.) We cannot usurp the power of the Board and subvert that purpose. (See O’Connor v Midiria, 55 NY2d 538.)
Accordingly, the trial of the instant claim must be reopened for the purpose of taking further testimony and receiving additional proof pertaining to the determination of the Workers’ Compensation Board as to whether Mr. *211 Linzee’s accident arose out of and in the course of his employment. (See Workers’ Compensation Law, § 10; see, also, Tebor v State of New York, 92 AD2d 749.) If it did this claim is barred. If it did not then this claim is viable. The clerk of the court shall set a date for the recommencement of the trial on notice to both parties.