[No. 51139–0. En Banc. March 14, 1985.]

ROGER A. PROVOST, ET AL, *Appellants,* v. PUGET SOUND POWER AND LIGHT COMPANY, ET AL, *Respondents.*

*Perey & Smith,* by *Ron J. Perey* and *Michael B. Tierney,* for appellants.

*Perkins, Coie, Stone, Olsen & Williams,* by *Charles C. Gordon* and *Kerri J. Lauman,* for respondents.

*William C. Smart* and *Kirk S. Portmann* on behalf of Washington Association of Defense Counsel, amici curiae for respondents.

DORE, J.—This appeal raises the issue whether the exclusive remedy provisions of the Washington workers' compensation act, RCW 51.04.010 and RCW 51.32.010, apply to bar an action brought by members of the employee's immediate family against an employer and a fellow employee for negligent infliction of emotional distress, loss of spousal consortium, and loss of parental consortium. We hold that the Washington workers' compensation law bars this type of suit against employers and fellow employees.

## FACTS

This lawsuit arises out of an accident which occurred on November 6, 1980. Roger Provost and William F. Dixon were then members of a Puget Sound Power and Light Company work crew responding to an emergency. The accident occurred when Dixon was operating a truck manufactured and distributed by Ford Motor Company and owned by Puget Power. Roger Provost was pinned between this truck and another truck, causing severe injuries.

Provost's injuries included fractures to both hips, two broken legs, and severed arteries in both legs. Provost's right leg was subsequently amputated near the hip in an attempt to control bleeding. Provost is severely disabled and will probably never again be able to be employed as a workman.

The Provosts brought this action against Puget Power, Dixon and Ford. Carolyn Provost, individually, and as guardian ad litem for Cheryl Provost, seeks recovery from Puget Power and from Dixon for negligent infliction of emotional distress, loss of spousal consortium, and loss of parental consortium. Roger Provost has not sought recovery against Puget Power or Dixon because the Washington workers' compensation act, RCW Title 51, bars his claim against those parties.

On February 23, 1984, the trial court granted a motion for summary judgment brought by Puget Power and Dixon, and dismissed the causes of action against both of those parties. Carolyn Provost, individually, and as guardian ad litem for Cheryl Provost, then appealed that decision to this court.

By its express terms, the Washington workers' compensation act, RCW Title 51, bars all independent causes of action against the employer for damages arising out of unintentional injury to an employee. RCW 51.04.010, the statute's first exclusive remedy provision, states in relevant part:

> The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this title . . .

RCW 51.32.010 governs who is entitled to compensation.

> Each worker injured in the course of his or her employment, or his or her family or dependents in case of death of the worker, shall receive compensation in accordance with this chapter, and, except as in this title otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever . . .

The exclusive remedy provisions of RCW 51.32.010 also apply to bar common law actions against fellow employees.

*See Peterick v. State,* 22 Wn. App. 163, 589 P.2d 250 (1977).

Carolyn and Cheryl Provost assert that the exclusive remedy provisions of RCW 51.04.010 and 51.32.010 bar only causes of action possessed by the injured employee, Roger Provost. The Provosts contend that the intent expressed in the act as a whole establishes that the statute does not abolish causes of action for injuries suffered by persons other than the injured employee. Thus, each of these causes of action, possessed *individually* by Carolyn and Cheryl Provost and independent of any causes of action which Roger Provost may have against Puget Power and Dixon under the common law, are not barred by the workers' compensation law.

## Decision

The Provosts direct the court's attention to RCW 51.24-.020 and argue that a comparison of RCW 51.32.010 with that provision shows that the remedy is not exclusive.

■ Their reliance on RCW 51.24.020 is misplaced. That section, which applies only to intentional injuries, spells out an exception to the exclusive remedy provisions which otherwise would govern. The exception is intended to deter intentional wrongdoing by employers. By contrast, RCW 51.32.010 and the statute as a whole are intended to provide sure and certain relief for workers, and their families and dependents, unintentionally injured in the course of their work regardless of questions of fault and to the exclusion of every other remedy.

This court squarely addressed the issue of the workers' compensation act barring a wife's cause of action against the injured husband's employer for loss of consortium in *Ash v. S.S. Mullen, Inc.,* 43 Wn.2d 345, 261 P.2d 118 (1953), *overruled on other grounds in Lundgren v. Whitney's Inc.,* 94 Wn.2d 91, 614 P.2d 1272 (1980). The court in *Ash* denied the wife's recovery for loss of consortium on two independent grounds. It held that (1) the wife had no common law cause of action for loss of consortium, and (2) the workers' compensation act barred such an action. The

court reasoned that not only does the act provide the exclusive remedy for the workers, but for the workers' families as well. It was of no significance that the injury for loss of consortium was incurred by the wife, separate and distinct from the injury incurred by her husband. *Ash,* at 347–48.

The Provosts seek to avoid our holding in *Ash* on the ground that this court did not recognize a wife's cause of action for loss of consortium until *Ash* was overruled in *Lundgren.* The Provosts contend that *Ash* has no precedential value, and that the Legislature could not have foreseen this new cause of action when enacting the workers' compensation act and, therefore, could not have intended to preclude wives from bringing loss of consortium actions against injured spouses' employers.

In *Lundgren,* however, this court specifically ruled that the question of the workers' compensation statute barring such an action was not an issue in the case. *Lundgren,* at 94 n.1.

Further, this court rejected a very similar argument in *West v. Zeibell,* 87 Wn.2d 198, 550 P.2d 522 (1976). In that case, the parents of a deceased minor brought suit against the minor's employer under RCW 4.24.010 (the wrongful death statute). The parents argued that, since the workers' compensation act was adopted before RCW 4.24.010 changed the common law rule barring this type of wrongful death action, the Legislature could not have intended RCW 51.04.010 to bar suits by parents against their children's employers. This court rejected this argument, finding support in both the *Ash* decision and 2A A. Larson, *Workmen's Compensation* § 66.20 (1976). The court reasoned that the exclusive remedy provisions, which abolish other civil remedies for injuries to workers and provide that compensation under the act is in lieu of other rights of action, is of the broadest type of exclusion provisions in workers' compensation legislation. Cases construing statutes falling within all but the narrowest of categories had, with near unanimity, barred actions by third parties arising out of the

injury or death of workers covered by such legislation. The act was held to apply to independent rights of action for losses that are separate and distinct from that of the worker, as well as to causes of action created subsequent to the enactment of the workers' compensation legislation. Claims of denial of due process and equal protection were summarily rejected by the court. *Accord, Ledesma v. A.F. Murch Co.,* 87 Wn.2d 203, 550 P.2d 506 (1976).

Finally, in *Seattle–First Nat'l Bank v. Shoreline Concrete Co.,* 91 Wn.2d 230, 588 P.2d 1308 (1978), this court held that, in effect, the act "immunizes" from judicial jurisdiction all tort actions which are premised upon the fault of the employer toward, or regarding, the employee. The courts have no jurisdiction over an action premised upon or necessarily involving this "immunized" area of tort law. A third party tort action, to be cognizable, must be based solely upon an independent obligation existing between the employer and the third party claimant. *Shoreline Concrete,* at 242–43. This court further held that neither due process nor equal protection is offended by the immunity from civil actions provided negligent employers through participation in the act. *Shoreline Concrete,* at 244. *See also Thompson v. Lewis Cy.,* 92 Wn.2d 204, 209, 595 P.2d 541 (1979).

The Provosts contend that decisions from other jurisdictions support the right of a child and spouse to a cause of action for loss of consortium and negligent infliction of emotional distress. *See, i.e., Ferriter v. Daniel O'Connell's Sons, Inc.,* 381 Mass. 507, 413 N.E.2d 690 (1980). These jurisdictions are in the minority with the narrow type of workers' compensation statutes. Thus, their cases are of no value to our determination. *See West v. Zeibell,* 87 Wn.2d 198, 550 P.2d 522 (1976); *Thompson v. Lewis Cy.,* 92 Wn.2d 204, 595 P.2d 541 (1979); 2A A. Larson, *Workmen's Compensation* § 66.20 (1983).

CONCLUSION

We affirm the trial court's grant of summary judgment.

The Washington workers' compensation act bars an action against an employer and a fellow employee by a member of an injured employee's immediate family for loss of consortium and negligent infliction of emotional distress.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.