[No. 51143-8. En Banc. June 6, 1985.]

JOHN SPENCER, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.

*Lopez, Fantel & Taylor, Carl A. Taylor Lopez,* and *Kathryn F. Koehler,* for appellant.

*Douglas N. Jewett, City Attorney,* and *Sean Sheehan, Assistant,* for respondent.

GOODLOE, J.—Appellant John Spencer appeals from a summary judgment dismissal of his personal injury action against respondent City of Seattle.

The City employed appellant as an assistant civil engineer for the City's Parks Department. On November 8, 1979, while in the course of his employment, Spencer was run over by a truck as he stepped into a Seattle crosswalk.

Spencer applied for and received industrial insurance benefits from the City. He sued the driver of the truck, Joseph D. Cherufole, and the driver's employer, Ashwell–Twist Co. This suit went to a jury trial April 5, 1982, and resulted in a defense verdict.

On November 8, 1982, appellant filed suit in King County Superior Court against the City for his injuries allegedly resulting from the negligent design, construction, and repair of the crosswalk. On August 28, 1983, the City moved for summary judgment of dismissal pursuant to CR 56. The City argued the state workers' compensation act, RCW Title 51, prohibits an employee from maintaining common law causes of action against his or her employer for damages. Appellant argued the City could be sued under the dual capacity doctrine because the City had duties to him as a citizen, in addition to its duties as an employer. The Honorable Lee Kraft, King County Superior Court Judge, granted the City's motion and entered an order of dismissal with prejudice on November 28, 1983. Appellant appealed to Division One of the Court of Appeals, and the case was transferred to this court pursu-

ant to our request and subsequent order dated November 20, 1984.

The question presented on appeal is whether the City may be sued in tort by one of its employees or whether the employee's exclusive remedy is provided by workers' compensation. We hold the employee's exclusive remedy is provided by the workers' compensation act and affirm the trial court.

The Washington workers' compensation act, RCW 51.04-.010 *et seq.*, provides for compensation to the injured employee regardless of fault but, as consideration, limits the employee's remedies. This court has consistently recognized and reinforced the exclusive remedy provisions. *Provost v. Puget Sound Power & Light Co.*, 103 Wn.2d 750, 752, 696 P.2d 1238 (1985); *Glass v. Stahl Specialty Co.*, 97 Wn.2d 880, 883–84, 652 P.2d 948 (1982); *Seattle–First Nat'l Bank v. Shoreline Concrete Co.*, 91 Wn.2d 230, 242, 588 P.2d 1308 (1978).

Appellant argues that his cause of action falls within the statutory exception of RCW 51.24.030(1), which provides:

(1) If an injury to a worker for which benefits and compensation are provided under this title is due to the negligence or wrong of a third person not in the same employ, the injured worker or beneficiary may elect to seek damages from the third person.

He argues that the City acts in a dual capacity as: (1) an employer, with certain obligations, for example, to provide a safe place to work; and (2) a municipality, with certain obligations, for example, to provide members of the public with adequately designed, constructed, and maintained city streets and crosswalks. Although admittedly acting within the scope of his employment at the time of the injury, appellant argues he was also a member of the public and entitled to sue the City as a municipality, notwithstanding the exclusive remedy provisions of the workers' compensation law.

The "dual capacity" doctrine has been subject to much criticism. Even Arthur Larson, who is given much

credit for the doctrine's evolution, believes it should be jettisoned because of misapplication and abuse. 2A A. Larson, *Workmen's Compensation* § 72.81, at 14–230 (1983). Larson states that a third party is usually defined

> in the first instance, as "a *person* other than the employer." This is quite different from "a person acting in a capacity other than that of employer." The question is not one of activity, or relationship—it is one of identity.

Larson, at 14–231.

In this case, the identity of the City as a municipality is not completely independent from and unrelated to its identity as an employer.

Only one case in Washington has addressed the "dual capacity" doctrine. *Thompson v. Lewis Cy.*, 92 Wn.2d 204, 595 P.2d 541 (1979). In *Thompson,* an employee of the county road department sued the County for alleged failure to properly construct and maintain the county road. The court noted the employee worked for the same county department responsible for maintenance of the road. *Thompson,* at 206. The court dismissed the action, holding the employee's sole remedy was given by the workers' compensation act. The court also recognized that "[o]ur statute has always been one of the most stringent in the elimination of causes of action against employers." *Thompson,* at 209.

Appellant argues that *Thompson* should be limited to its facts. We do not agree.

Independent research disclosed that every jurisdiction presented with the issue has rejected the dual capacity doctrine in cases involving an action by a state, county, or city employee against the government, which alleged negligence by another government department. *State v. Purdy,* 601 P.2d 258 (Alaska 1979); *Walker v. City & Cy. of San Francisco,* 97 Cal. App. 2d 901, 219 P.2d 487 (1950); *State v. Coffman,* 446 N.E.2d 611 (Ind. Ct. App. 1983); *Osborne v. Commonwealth,* 353 S.W.2d 373 (Ky. Ct. App. 1962); *Wright v. Moore,* 380 So. 2d 172 (La. Ct. App. 1979), *cert.*

*denied,* 382 So. 2d 164 (La. 1980); *Bross v. Detroit,* 262 Mich. 447, 247 N.W. 714 (1933); *Holody v. Detroit,* 117 Mich. App. 76, 323 N.W.2d 599 (1982); *De Giuseppe v. New York,* 188 Misc. 897, 66 N.Y.S.2d 866 (1946), *aff'd,* 273 A.D. 1010, 79 N.Y.S.2d 163 (1948); *Linzee v. State,* 122 Misc. 2d 207, 470 N.Y.S.2d 97 (1983); *Freese v. Consolidated Rail Corp.,* 4 Ohio St. 3d 5, 445 N.E.2d 1110 (1983); *Berger v. U.G.I. Corp.,* 285 Pa. Super. 374, 427 A.2d 1161 (1981). (One Wisconsin case held the State was liable to an employee, national guardsman, but the court found the State had a separate duty under the statutes to act as an insurer and to pay judgments of national guardsmen performing in good faith. *Mazurek v. Skaar,* 60 Wis. 2d 420, 210 N.W.2d 691 (1973).)

In *Wright v. Moore, supra,* the court was presented with an almost identical factual setting. The plaintiff, a nurse employed by the Louisiana Department of Health and Human Resources, acting within the scope of her employment, was involved in a car accident. She made the State a party defendant, alleging the semaphore signal at the scene was malfunctioning due to inadequate repair and maintenance. She argued that the department she worked for and the department responsible for the semaphore signal are "two separate and distinct bodies corporate and that as an employee of one she is free to sue the other in tort as a separate entity." *Wright,* at 173. The Louisiana court rejected the argument, holding the employer was not a "third person" but her own employer. "[S]uch an action is contrary to the compromise underlying workmen's compensation." *Wright,* at 173.

Appellant did not cite any of the above cases but instead analogized to cases involving products liability and medical malpractice actions. These factual settings are not presented in this case. However, we note that the overwhelming majority of jurisdictions have rejected the dual capacity doctrine in these areas, also. Larson, at 14–239 through 14–246.

The trial court is affirmed.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, and DURHAM, JJ., concur.