[No. 50978–6.  En Banc.  January 30, 1986.]

CHRISTOPHER JOHN CORR, *Appellant,* v. WILLAMETTE
INDUSTRIES, INC., ET AL, *Respondents.*

*Bogle & Gates* and *Kelly P. Corr,* for appellant.

*James J. Stanton* and *Gary W. House,* for respondents.

PEARSON, J.—This case raises the issue of whether the
workers' compensation act, RCW 51.04.010 *et seq.,* provides
the exclusive remedy for an employee injured by defective

equipment designed and built by his employer's corporate predecessor. Under the facts of this case, we hold that the workers' compensation act is the exclusive remedy available to appellant.

Corco, Inc., was an Ohio corporation engaged in the manufacture and sale of corrugated paper packaging and plastic packaging products. In 1977 Willamette Industries, Inc., absorbed Corco in a corporate merger. Willamette acquired Corco's accounts receivable, accounts payable, physical plant, inventory, work in progress, finished goods, patents, trade name, customer lists, and goodwill.

Willamette also acquired substantially all of Corco's plant equipment, including two bulk bin compressor units. Corco employees had designed and built only two such units, both of which Corco had used in the manufacture of large cardboard boxes known as bulk bins. The two bulk bin compressor units never were sold or otherwise placed in the stream of commerce except as incident to the merger of Corco and Willamette.

Pursuant to the terms of the merger agreement, and by virtue of statute, Willamette succeeded to all Corco's liabilities and obligations, RCW 23A.20.060(5), and continued the same line of business. Willamette used the two bulk bin compressor units without modification. Willamette never sold either of these units.

In April 1980, Western Kraft Paper Group, a wholly owned subsidiary of Willamette, employed Christopher Corr as a general laborer at its plant in Bellevue, Washington. On July 1, 1980, Corr suffered serious injuries while cleaning one of the bulk bin compressor units. Corr subsequently filed for, and received, workers' compensation benefits.

In October 1981, Corr initiated this products liability action against Willamette, the parent corporation of Western Kraft Paper Group. Corr also alleged that Willamette negligently failed to provide "a safe and helpful working environment". Willamette later moved for summary judgment on the ground that the workers' compensation act

provides the exclusive remedy available to an injured employee. The trial court granted summary judgment in favor of Willamette and dismissed the action with prejudice. Corr appealed directly to this court.

## I

The Legislature has abolished common law actions between employee and employer for personal injuries suffered by the employee in the workplace. RCW 51.04.010. The workers' compensation act provides the exclusive remedy in such cases. *Spencer v. Seattle,* 104 Wn.2d 30, 700 P.2d 742 (1985); *Provost v. Puget Sound Power & Light Co.,* 103 Wn.2d 750, 696 P.2d 1238 (1985). However, if a third person not in the same employ as the injured employee causes the injury, the injured worker may seek damages from the third person. RCW 51.24.030. An election to proceed against a third person does not jeopardize the injured worker's right to receive benefits under the workers' compensation act. RCW 51.24.040.

Corr argues that Willamette is such a third person, subject to liability in that capacity for the injuries suffered by Corr. Two doctrines potentially support Corr's characterization of Willamette as a third person: (1) dual capacity, and (2) dual persona. As discussed below, this court has rejected the former and finds that the latter does not apply given the facts of this case.

## II

The dual capacity doctrine has been defined as

that theory under which an employer who normally enjoys immunity from common–law and statutory liability under the exclusive remedy provision of workers' compensation law may become liable to an employee when acting in a capacity outside the employer–employee relationship, which capacity may impose obligations apart from those imposed as an employer.

Annot., *Workmen's Compensation Act as Furnishing Exclusive Remedy for Employee Injured by Product Manufactured, Sold, or Distributed by Employer,* 9 A.L.R.4th

873, 875 n.2 (1981). Corr argues that Willamette acted in a dual capacity as: (1) an employer with an obligation to provide a safe working environment; and (2) a manufacturer of a product used in the workplace, which subjects Willamette to products liability claims. If the doctrine of dual capacity were the law of this state, Corr arguably would have a cause of action against Willamette in its second capacity as a product manufacturer.

This court, however, recently rejected the dual capacity doctrine in *Spencer v. Seattle, supra.* In *Spencer,* this court held that the workers' compensation act barred suit against a city by an employee of its park department for injuries allegedly caused by the negligence of the road department. In rejecting the dual capacity doctrine, this court recognized that "[t]he 'dual capacity' doctrine has been subject to much criticism. Even Arthur Larson, who is given much credit for the doctrine's evolution, believes it should be jettisoned because of misapplication and abuse." (Citations omitted.) *Spencer,* at 32–33.

Many other jurisdictions have refused to apply the dual capacity doctrine to an employer also acting in the capacity of manufacturer. *See* 2A A. Larson, *Workmen's Compensation* § 72.83 (1983). Courts have rejected the dual capacity doctrine in the employer/manufacturer relationship because an employer's obligation to provide a safe workplace cannot be separated from the duty owed by an employer to his employees by reason of his manufacture of equipment with which employees must work. *See* 9 A.L.R.4th 873 (1981). We believe this rationale is sound and reiterate our rejection of the dual capacity doctrine.

### III

The "dual capacity" doctrine, however, must be distinguished from the doctrine of "dual persona". A Larson § 72.81. Professor Larson explains the "dual persona" doctrine thusly:

An employer may become a third person, vulnerable to tort suit by an employee, if—and only if—he possesses a

second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person. A. Larson § 72.81. The focus is not upon the degree of distinction between the second function and the first, but whether the second function generates obligations distinct from those related to the employment activity.

A leading example of dual persona is the case of *Billy v. Consolidated Mach. Tool Corp.*, 51 N.Y.2d 152, 412 N.E.2d 934, 432 N.Y.S.2d 879 (1980). In *Billy* the court held that where, by corporate merger, the employer succeeds to the liabilities of the manufacturer of the equipment, the employer cannot avoid those liabilities merely because the workers' compensation law covered the decedent. *Billy,* at 162. The court in *Billy* reasoned that the decedent's representative was not suing the decedent's former employer, but rather was suing the successor to the liabilities of the alleged tortfeasor. The court concluded that the employer–employee relationship did not control because the obligation arose out of an independent business transaction between corporations, not out of the employment relationship. The court distinguished *Billy* from cases applying the "dual capacity" doctrine because in *Billy* third parties with no employment relationship with the decedent committed the tort, and not the decedent's employer or any of its agents.[1] Accordingly, the court ruled that the lower court erred in dismissing the cause of action merely because the defendant had been the decedent's employer.

Two additional jurisdictions also have adopted the dual persona doctrine in the context of corporate mergers. *See Kimzey v. Interpace Corp.*, 10 Kan. App. 2d 165, 694 P.2d 907 (1985); *Schweiner v. Hartford Accident & Indem. Co.*, 120 Wis. 2d 344, 354 N.W.2d 767 (Ct. App. 1984). The circumstances which supported imposition of dual persona

---

[1]The court in *Billy v. Consolidated Mach. Tool Corp.*, 51 N.Y.2d 152, 412 N.E.2d 934, 432 N.Y.S.2d 879 (1980) specifically rejected application of the traditional dual capacity doctrine to an employer acting in the capacity of the manufacturer. *Billy,* at 160.

liability in *Billy, Kimzey* and *Schweiner* are indistinguishable from those present in this case. The predecessor corporation, Corco, manufactured the plant equipment which exposed Corr to the risk of injury. As manufacturer, Corco might have had *potential* liability for injuries caused by the plant equipment. When Willamette and Corco merged, Willamette succeeded to the liabilities and obligations of Corco. Accordingly, under *Billy, Kimzey* and *Schweiner,* Corr arguably should be entitled to recover under the doctrine of dual persona.

These three decisions, however, fail to carry through the analysis of the dual persona doctrine to its reasonable conclusion. The doctrine rests on the premise that if the merging corporations had not merged, the injured claimant could have sued the manufacturing corporation as a third person tortfeasor. *Billy,* at 161–62; *Kimzey,* at 169–70; *Schweiner,* at 352–53; *see also* RCW 51.24.030. Under the facts of this case, however, an injured claimant never could have sued Corco as a third person because Corco had no liabilities or obligations flowing to Willamette's employees. The two bulk bin compressor units were not manufactured for resale or entry into the stream of commerce. From the time of installation until merger, both units remained in Corco's workplace.

Only by virtue of the merger did the defective plant equipment transfer from Corco to Willamette. Thus, absent the merger, Corr could have been injured by this machinery only if he had been an employee of Corco. As an employee of Corco, however, Corr would be limited to the exclusive remedies of the workers' compensation act. Corco never owed obligations or had liabilities to persons other than its own employees relative to these compressor units. Accordingly, Corco never could be subject to third person liability. Because Corco could not be subject to third person liability, such liability cannot be imposed upon Willamette simply

because the two corporations merged.

Although we need not decide this issue, third person liability under the dual persona doctrine arguably should arise in the merger context only when the corporate manufacturer sells the defective equipment to the successor corporation prior to merger or otherwise places the defective product somewhere other than in its own workplace, *i.e.,* in the stream of commerce. Under these circumstances, the corporate manufacturer would have existed as a third person subject to liability prior to the merger. Because an individual could have been injured by the defective machinery outside the manufacturer's workplace, an injured employee of the manufacturer's corporate successor arguably should be permitted to maintain a cause of action against his employer for resulting injuries.

Put simply, the formalities of a corporate merger should not extinguish the liability of the manufacturer whose assets and obligations have been transferred to another corporate entity. In this case, however, the injured claimant has not been precluded from bringing suit against the manufacturer of the product due to merger. No obligation or liability would have existed prior to the merger, and none should be created by the merger that could not have existed independently. Thus, although the court *might* apply the dual persona doctrine in the proper case, this is not such a case.

## IV

Absent the dual persona doctrine, the dispositive principle in this case is that the workers' compensation act provides the exclusive remedy for an employee injured by defective equipment designed and built by his employer's corporate predecessor, unless the employer expressly waives the act's protection. *See Brown v. Prime Constr. Co.,* 102 Wn.2d 235, 684 P.2d 73 (1984); *Seattle–First Nat'l Bank v. Shoreline Concrete Co.,* 91 Wn.2d 230, 588 P.2d 1308 (1978). No express contractual waiver exists in this case, and we refuse to imply such a waiver from the statutory

formalities of a corporate merger. Accordingly, we affirm the trial court.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.

DORE, J. (dissenting)—The majority concedes that this action is indistinguishable from the circumstances supporting imposition of dual persona liability in the only three decisions which have addressed this precise issue. *See Billy v. Consolidated Mach. Tool Corp.*, 51 N.Y.2d 152, 412 N.E.2d 934, 432 N.Y.S.2d 879 (1980); *Schweiner v. Hartford Accident & Indem. Co.*, 120 Wis. 2d 344, 354 N.W.2d 767 (Ct. App. 1984); *Kimzey v. Interpace Corp.*, 10 Kan. App. 2d 165, 694 P.2d 907 (1985). The majority nonetheless holds that this is not the proper case for adoption of the dual persona doctrine and decides the case contrary to the rationale of the controlling case law. I dissent.

### THE DUAL PERSONA DOCTRINE

The dual persona doctrine is premised on two principles. First, the surviving corporation of a merger succeeds to the liabilities of the constituent corporations and second, the workers' compensation act permits recovery against third persons. In conjunction, these two principles merge into the dual persona doctrine, acknowledging responsibilities of the merger survivor *separate* from those of corporate employer.

Both of these principles are present in the instant action and, thus, warrant adoption of the dual persona doctrine. First, pursuant to the terms of the merger agreement and by virtue of statute, Willamette succeeded to all the liabilities and obligations of Corco. The merger agreement specifically provided that Willamette "shall be liable for all the obligations of [Corco] . . ." *See also* RCW 23A.20-.060(5). In the ordinary course of events Willamette would be answerable to Corr for Corco's tortious conduct. *See Billy v. Consolidated Mach. Tool Corp.*, 51 N.Y.2d 152, 161, 412 N.E.2d 934, 432 N.Y.S.2d 879 (1980); *Schweiner v. Hartford Accident & Indem. Co.*, 120 Wis. 2d 344, 348–51,

354 N.W.2d 767 (Ct. App. 1984); *Kimzey v. Interpace Corp.*, 10 Kan. App. 2d 165, 694 P.2d 907, 912 (1985).

Second, it is a well established rule that if an employee recovers benefits under the workers' compensation act, he cannot maintain a common law tort action against his employer for damages. *Spencer v. Seattle*, 104 Wn.2d 30, 700 P.2d 742 (1985); *Provost v. Puget Sound Power & Light Co.*, 103 Wn.2d 750, 696 P.2d 1238 (1985). If, however, the worker's injuries for which compensation is payable were caused by the negligence of a third person not in the same employ as the injured worker, the worker is not precluded from accepting the compensation and also pursuing a cause of action against the third person. RCW 51.24.030; *Spencer*, at 32; *see also Kimzey*, 694 P.2d at 910. It is undisputed that Corco designed and built the bulk bin compressor unit and that Corr was not in the employment of Corco. Thus Corco is within the third person liability exception to exclusivity of workers' compensation.

These two principles in combination form the basis of dual persona liability. The *Billy* court set forth the conceptual basis for the doctrine as follows:

> Conceptually, the deceased employee's executrix is suing not the decedent's former employer, but rather the successor to the liabilities of the two alleged tort–feasors. That USM also happens to have been the injured party's employer is not of controlling significance, since the obligation upon which it is being sued arose not out of the employment relation, but rather out of an independent business transaction between USM and Farrel. What distinguishes this case from the "dual–capacity" cases discussed above is that here the tort in question was not committed by the employer or any of its agents; instead, the tort, if any, was committed by third parties, which, as it appears on the present record, never had an employer–employee relationship with the injured party. Since these third parties would have had no basis for invoking section 11 of the Workers' Compensation Law as a defense in a common–law action brought against them by the employee or his dependents, USM, which stands in their shoes with respect to the question of liability, should

similarly not be permitted to do so.

Through its merger with Consolidated and Farrel, USM voluntarily assumed any obligations that those corporations may have had to individuals who might suffer injury as a result of a defect in their product. It would be grossly inequitable to permit USM to avoid its assumed obligations solely because the injured party was coincidentally an employee and the injuries in question arose in the course of his employment. As we have already seen, the policies underlying the Workers' Compensation Law do not extend so far as to preclude actions by an injured worker against a third–party manufacturer whose defective product has caused the injury. Inasmuch as plaintiff's action represents essentially an attempt to recover from third–party manufacturers through a suit against their corporate successor, plaintiff should be permitted to maintain the action, notwithstanding that the successor corporation is also an employer which would otherwise be immune from suit under section 11. Accordingly, we hold that it was error for the courts below to dismiss plaintiff's causes of action against USM on the basis of its status as employer.

(Footnote omitted.) *Billy,* at 161–62.

Professor Larson cites *Billy* as a leading example of dual persona. He explains the "dual persona" doctrine thusly:

An employer may become a third person, vulnerable to tort suit by an employee, if—and only if—he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person.

2A A. Larson, *Workmen's Compensation* § 72.81 (1984). As previously indicated the second persona of Willamette is that of a successor corporation which generates assumed obligations of the defunct corporation, Corco.

The merger agreement in *Kimzey,* like the agreement in the Willamette/Corco merger, provided that the successor corporation assumed "'all debts, liabilities, restrictions, duties and obligations'" of the third party manufacturer corporation. *Kimzey,* at 165. The court held that the exclusivity provisions of the workers' compensation act did not bar an action against the successor corporation which had

by reason of the merger agreement assumed the liabilities of the third party tortfeasor.

The majority's addition of a "stream of commerce" element to the doctrine is unfounded. Majority opinion, at 223. This element is not addressed in any of the three opinions adopting the dual persona doctrine, nor is it an element of the cause of action as defined by Professor Larson. The majority premises the addition of the "stream of commerce" requirement on the basis that Corco could never have been subject to third party liability absent the merger. It is not placing the plant equipment in the stream of commerce which creates the possibility of third party liability, however, but the contractual and statutory liabilities assumed by a successor corporation which imposes third party liability. In essence, dual persona liability arises in this circumstance solely by reason of the employer's independent assumption, by contract and statute, of the obligations of the third party tortfeasor. Willamette's liability arises out of an independent business transaction unrelated to "stream of commerce" transactions. We are not concerned with whether Corr could have come in contact with the plant equipment absent the merger. He in fact did come into contact with the bulk bin compressor and his employer, Willamette, had assumed the manufacturer's obligations for injuries caused by its equipment.

Having demonstrated all the essential elements of dual persona liability, Corr should be entitled to maintain his action against Willamette as successor to the third party tortfeasor. I therefore dissent.