[No. 10508–0–II.   Division Two.   September 29, 1988.]

CLAYTON KIMBALL, ET AL, *Respondents*, v. EARL LAMAR
MILLET, ET AL, *Petitioners*.

*Harold B. Field, Wayne Murray,* and *Murray, Dunham & Murray,* for petitioners.

*George L. Wood, Jr.,* and *Platt, Irwin, Colley, Oliver, Miller & Wood,* for respondents.

WORSWICK, J.—We accepted discretionary review, on the application of Earl and Vina Mae Millet, of an order denying their motion for summary judgment of dismissal of this

action, brought against them by Clayton Kimball for personal injuries caused by an aggressive bull. The bull was owned by a farming corporation that employed both Kimball and the Millets. The injuries were sustained on farmland owned by the Millets, but leased to the corporation. It is undisputed that Kimball was injured in the course of his employment, that the Millets, as corporate officers, were Kimball's coemployees, and that the bull was a corporate asset used in the farming operation. We reverse, holding that the Millets are immune from suit under the Industrial Insurance Act. RCW Title 51. We reject Kimball's contentions that the Millets were exposed to liability either under a "dual persona" theory or as landlords.

Kimball attempts, by classifying them as negligent third parties under RCW 51.24.030(1), to strip the Kimballs of the immunity conferred upon them by the act. *See Provost v. Puget Sound Power & Light Co.*, 103 Wn.2d 750, 752, 696 P.2d 1238 (1985).[1] He attempts to do this by characterizing the Millets not as employers or coemployees, but as landowners, thereby invoking the "dual persona" doctrine, recognized but not applied in *Corr v. Willamette Indus.*, 105 Wn.2d 217, 220–21, 713 P.2d 92 (1986). Under this doctrine, an employer (and presumably a coemployee) may fall within the third person exception to immunity if, but only if, possessing a second persona so completely independent from and unrelated to the status of employer (or coemployee) that, by established standards, the law recognizes the second persona as a separate legal person. *Corr*, 105 Wn.2d at 220–21.

The immunities conferred by the act are not easy to avoid (*cf. McCarthy v. Department of Social & Health Servs.*, 110 Wn.2d 812, 759 P.2d 351 (1988); *Spencer v. Seattle*, 104 Wn.2d 30, 32, 700 P.2d 742 (1985); *Thompson*

---

[1]RCW 51.24.030(1) provides: "If a third person, not in a worker's same employ, is or may become liable to pay damages on account of a worker's injury for which benefits and compensation are provided under this title, the injured worker or beneficiary may elect to seek damages from the third person."

*v. Lewis Cy.,* 92 Wn.2d 204, 207, 595 P.2d 541 (1979)), and Kimball cannot avoid them in this case. Our statute has always been construed stringently in eliminating claims against employers. *Thompson,* 92 Wn.2d at 209. Theories that attempt to circumvent statutory immunities should be examined with the same stringency.

■ Although in this field the courts of this state are seldom persuaded by decisions from other states (*see Dennis v. Department of Labor & Indus.,* 109 Wn.2d 467, 482, 745 P.2d 1295 (1987)), it is nevertheless appropriate to consider how those courts have dealt with problems that are new to us. Having considered cases from other jurisdictions dealing with this issue,[2] we are persuaded, by the reasoning of the New York Court of Appeals, that where the facts supporting a third party/"dual persona" claim are those under which a coemployee would be immune from suit under the act, the putative defendant cannot be said to have a second persona *so completely separate* as to be recognized by law as a separate person for purposes of third party liability for an on–the–job injury. *Heritage v. Van Patten,* 59 N.Y.2d 1017, 453 N.E.2d 1247 (1983); *cf. Rauch v. Jones,* 4 N.Y.2d 592, 152 N.E.2d 63, 176 N.Y.S.2d 628 (1958). This rationale best serves the purposes of the Industrial Insurance Act, and we adopt it. It operates here to bar Kimball's "dual persona" claim against the Millets.

■ We also find no separate basis for the Millets' liability under landlord–tenant law. Generally, a landlord owes no greater duty to the guests, invitees or licensees of the tenant than the landlord owes to the tenant. *Regan v. Seattle,* 76 Wn.2d 501, 458 P.2d 12 (1969); *Amburgy v. Golden,* 16 Wn. App. 449, 557 P.2d 9 (1976). Here, the Millets owed no duty to the corporate employer to protect it from its own animals. It follows that they owed no duty to the corporation's employees.

---

[2]*See* 2A A. Larson, *Workmen's Compensation* §§ 72.80–72.83 (1983).

Reversed.

REED, C.J., and PETRIE, J. Pro Tem., concur.

Review denied by Supreme Court January 10, 1989.