[No. 38595.    Department Two.    June 1, 1967.]

JOHN W. MARSLAND et al., Appellants, v. BULLITT COMPANY Respondent, SAFWAY STEEL PRODUCTS, INC., et al., Defendants.*

*Reported in 428 P.2d 586.

*Elliott, Lee, Carney & Thomas, Millard C. Thomas,* and *R. Jack Stephenson,* for appellants.

*Detels, Draper & Marinkovich* and *Frank W. Draper,* for respondent.

HUNTER, J.—This is an action by John W. Marsland and Thomas Staton, plaintiffs (appellants), against Bullitt Company, a Washington corporation, defendant (respondent), to recover damages for injuries sustained by them in a 6½-story fall from a power driven scaffold on the defendant's Logan Building while the plaintiffs were washing its exterior windows. Plaintiffs were workmen employed by American Building Maintenance Company in this extrahazardous occupation. American Building is an independent contractor who had contracted with Bullitt Company to maintain the exterior appearance of its high-rise office building and who exercised complete control over the manner in which the plaintiffs performed their services; although Bullitt Company provided the power driven scaffold used in the work.

Two other actions, not involved in this appeal, were instituted by plaintiffs against the manufacturer and distributor of the scaffold, Western Gear Corporation and Scaffolds & Equipment, Inc., and various cross-actions have been filed by the codefendants against one another.

The trial court granted summary judgment of dismissal of the plaintiffs' action against the Bullitt Company; largely on the theory that Bullitt Company was an "employer" of the plaintiffs under the Washington Industrial Insurance Act and immunized from an action at law for damages. The plaintiffs appeal.

The plaintiffs first contend the trial court erred in holding that the defendant, Bullitt Company, was the plaintiffs' "employer" within the meaning of RCW 51.08.070 and had an employer's immunity from suit. We agree.

The Industrial Insurance Act defines an "employer" (RCW 51.08.070) as one engaged in extrahazardous work or who contracts with one or more workmen for personal labor in extrahazardous work. The statutory definition, as emphasized, reads in full as follows:

> any person, body of persons, corporate or otherwise, and the legal representatives of a deceased employer, all while engaged in this state in any extrahazardous work, by way of trade or business, or *who contracts with one or more workmen, the essence of which is the personal labor of such workman or workmen, in extrahazardous work.* (Italics ours.)

In the number of cases where we have considered this definition, we have consistently held that a person is not an "employer" unless the parties are in the relationship of employer and employee, a consensual relationship involving the consent of both persons. *Fisher v. Seattle*, 62 Wn.2d 800, 806, 384 P.2d 852 (1963); and cases cited.

The record discloses, in the instant case, that the requisite consensual relationship of employer-employee did not exist between the plaintiff workmen and the defendant Bullitt Company. Bullitt exercised no control over the plaintiffs, as to the manner in which they performed their services; nor did Bullitt list the plaintiffs as its employees under the Industrial Insurance Act or pay their premiums to the accident or medical aid funds. All of these expected employer functions were exercised by the common-law employer of the plaintiffs, American Building Maintenance Company.

Considering these facts, the only employer-employee relationship that existed was that between the plaintiff workmen and their common-law employer, American Building Maintenance Company. Therefore, the Bullitt Company was not the "employer" of the plaintiffs within the meaning of RCW 51.08.070, *supra,* and is not immune from suit on this basis.

The defendant Bullitt Company argues, however, that despite the lack of an employer-employee relationship between the plaintiffs and the defendant, plaintiffs' action is nevertheless barred by the Industrial Insurance Act. It argues that RCW 51.24.010, which authorizes third party tort actions, does not apply to it as a third party; since all (the plaintiff workmen and the defendant) were engaged in the same employ or employment. Pertinent provision of RCW 51.24.010, limiting an action at law to negligent third parties, is as follows:

> Right of action against third party—Compromise and settlement, repayment to state. *If the injury to a workman is due to negligence or wrong of another not in the same employ,* the injured workman . . . shall elect whether to take under this title or seek a remedy against such other . . . . (Italics ours.)

We think the broad meaning advanced by the defendant for the phrase "not in the same employ" as used in the statute is without merit. The statute plainly contemplates actionable negligence from the wrong of another, not a fellow servant of the same employer, as defined in the act. See the rule announced in *Hand v. Greyhound Corp.,* 49 Wn.2d 171, 299 P.2d 554 (1956), as modified by Laws of 1957, ch. 70, § 23, p. 279, now codified in RCW 51.24.010, *supra.* Since the defendant Bullitt Company is outside the scope of the employer-employee relationship, as previously discussed, it cannot consequently infer that it is in the same "employ" so as to immunize it from suit.

The defendant Bullitt Company further argues that the legislature did not intend that one who is primarily liable for payment of industrial insurance premiums of workmen should be held liable to such workmen in a common-law

action for damages; that since Bullitt would have been obligated to pay these premiums had they not been paid by the plaintiffs' immediate or common-law employer, it is not a "third party" subject to suit. The defendant relies on the collection statute, RCW 51.12.070, as it affects third party liability. This statute provides in pertinent part, as follows:

Work done by contract—Liability for premiums. The provisions of this title shall apply to all extrahazardous work done by contract; the person, firm, or corporation who lets a contract for such extrahazardous work shall be responsible primarily and directly for all payments due to the accident fund and medical aid fund upon the work. The contractor and any subcontractor shall be subject to the provisions of this title and the person, firm, or corporation letting the contract shall be entitled to collect from the contractor the full amount payable to the accident fund and medical aid fund, and the contractor in turn shall be entitled to collect from the subcontractor his proportionate amount of the payment.

■ We see no tenable relationship between this statute and RCW 51.24.010, *supra,* providing for third party actions, under the facts of this case. In *Greenleaf v. Puget Sound Bridge & Dredging Co.,* 58 Wn.2d 647, 364 P.2d 796 (1961) we considered a very similar argument in defense of a third party action brought by an injured workman. In that case, the plaintiff (appellant) was an employee of a subcontractor of Puget Sound, prime contractor under a Navy contract to construct vessels. He was injured as the result of poor lighting furnished by Puget Sound. All industrial insurance premiums had been paid by the plaintiff's immediate employer and not by the defendant (respondent) Puget Sound. The argument of Puget Sound, there raised, and our answers thereto, are as follows:

Respondent's argument is that, because the respondent would have been obliged to pay the industrial insurance and medical aid premiums of its subcontractor, appellant's employer, in the event of premium default by the subcontractor, it is, in effect, the employer itself and is immune from suit by an employee of its subcontractor.

We decide otherwise. (1) There was no default; (2) respondent was not the appellant's employer; and (3) the

default contingency, which is negatived by the uncontroverted facts, does not change the situation. Respondent is a third party, not appellant's employer who alone is immune. (Citations omitted.) p. 657.

Our decision in the *Greenleaf* case is dispositive of the argument as raised here by the defendant Bullitt Company. As in *Greenleaf*, the plaintiffs in the instant case were not the employees of Bullitt Company, the corporation letting a contract for extrahazardous work. Nor was Bullitt Company required to pay any of the industrial insurance premiums upon the work. The distinction relied upon by the defendant Bullitt Company, that in *Greenleaf* the respondent Puget Sound was not the one primarily and directly responsible for the premium payments, is not sound; since in any event there was no default in premium payments by the common-law employer and thus no resulting obligation of the defendant to make these payments under the default contingency provisions.

The defendant Bullitt Company finally argues that an extension of the right of third party actions against it is unconstitutional; in that there is no reasonable basis for rendering the defendant, who is primarily and directly responsible for making all payments into the referred fund, liable to defend a third party action, while, at the same time, immunizing the plaintiffs' common-law employer, who is only secondarily liable for payment into the fund, from such liability.

The question of primary or secondary liability under the collection statute is not material to Bullitt's liability as a third party here. Bullitt made no payment of premiums and it therefore has no standing to raise the constitutionality of third party actions on this basis.

The judgment of the trial court dismissing the defendant from plaintiffs' action at law is reversed, and the cause is remanded for trial on the merits.

FINLEY, C. J., HILL and HAMILTON, JJ., and BARNETT, J. Pro Tem., concur.