[No. 5114-5-III.   Division Three.   July 5, 1983.]

SKYLER SMICK, *Appellant*, v. BURNUP & SIMS, *Respondent*.

*Wallis W. Friel* and *Irwin, Friel & Myklebust*, for appellant.

*Robert Hailey* and *Randall & Danskin*, for respondent.

GREEN, J.—Skyler Smick appeals a summary judgment dismissing his complaint for personal injuries against Burnup & Sims. In granting summary judgment, the court ruled as a matter of law that since Mr. Smick was an

employee of Burnup & Sims, his action was barred by the workers' compensation act. The sole question on appeal is whether Mr. Smick's employee status presented a question of material fact. We reverse and remand for trial.

Mr. Smick was employed by Cox Cable T.V. as a warehouse supervisor. Burnup & Sims was hired to construct the cable network for Cox. When not busy with his own job, Mr. Smick volunteered to help Burnup & Sims' crews. He did so on 20 or more jobs prior to his injury. Burnup & Sims did not hire nor pay Mr. Smick for work he performed for them. When helping Burnup & Sims, he took his instructions from their crews. He received no benefits from Burnup & Sims other than knowledge and experience gained by working with them. He was not obligated to help them and no one kept track of the hours he spent working for them.

On October 12, 1977, while Mr. Smick was helping a Burnup & Sims crew on a river crossing, the cable sagged into the river and contacted a live electrical wire which resulted in severe electrical shock to Mr. Smick from which he sustained injuries.

On October 10, 1980, Mr. Smick commenced this action against Burnup & Sims for personal injuries. Burnup & Sims moved for summary judgment arguing the action was barred by the workers' compensation act because an implied employment contract existed between the parties. RCW 51.04.010; *see* RCW 51.24.030. The trial court agreed and granted summary judgment in favor of Burnup & Sims. Mr. Smick appeals.

Mr. Smick contends the granting of summary judgment was error. He argues that the requisite elements for finding an employment contract in this case, *i.e.,* right of control and consent to the employment relationship and burdens of employment, present a question of fact for the jury. We agree.

For purposes of workers' compensation, a 2–prong test has been judicially created to determine when an employment relationship exists. First, an employer must

have the right to control the servant's physical conduct in the performance of his duties. *Novenson v. Spokane Culvert & Fabricating Co.,* 91 Wn.2d 550, 553, 588 P.2d 1174 (1979). This is consistent with the loaned servant doctrine which requires the borrower to have exclusive control over the employee in order for an employment relationship to exist. *American Sign & Indicator Corp. v. State,* 93 Wn.2d 427, 434, 610 P.2d 353 (1980); *Anderson v. Red & White Constr. Co.,* 4 Wn. App. 534, 540, 483 P.2d 124 (1971); *Pichler v. Pacific Mechanical Constructors,* 1 Wn. App. 447, 450, 462 P.2d 960 (1969).

The second prong requires consent by the employee to the relationship. *Novenson v. Spokane Culvert & Fabricating Co., supra* at 553; *Marsland v. Bullitt Co.,* 71 Wn.2d 343, 345, 428 P.2d 586 (1967). The focus is on the employee rather than the employer. *Fisher v. Seattle,* 62 Wn.2d 800, 804, 384 P.2d 852 (1963). The important question to be asked in determining whether this prong is satisfied is: "Did the workman consent with the 'employer' to the status of 'employee'?" *Fisher v. Seattle, supra* at 804. A person cannot have an employer thrust upon him against his will. *Fisher v. Seattle, supra* at 805.

> "Compensation law, . . . is a mutual arrangement between the employer and employee under which both give up and gain certain things. Since the rights to be adjusted are reciprocal rights between employer and employee, it is not only logical but mandatory to resort to the agreement between them to discover their relationship. To thrust upon a worker an employee status to which he has never consented would not ordinarily harm him in a vicarious liability suit by a stranger against his employer, but it might well deprive him of valuable rights under the compensation act, notably the right to sue his own employer for common–law damages. . . ."

*Novenson v. Spokane Culvert & Fabricating Co., supra* at 554 (quoting 1 A. Larson, *Workmen's Compensation* § 47.10 (1952)). When an employer asserts the existence of an implied employment relationship, certain social values are at stake because the results are destructive of valuable

common law rights to the injured workman. *Novenson v. Spokane Culvert & Fabricating Co., supra* at 554–55 (citing 1B A. Larson, *Workmen's Compensation* §§ 47.42(a), 48.10 (1978)).

Whether both prongs are satisfied is a question of fact and neither should be imputed as a matter of law. In *Novenson,* at page 555, the evidence presented a much stronger case for an employer–employee relationship than here, but the court reversed a summary judgment and remanded the issues for trial stating:

> The trier of fact at trial is the one to draw any inferences as to Novenson's understanding and consent vis–a–vis an employment relationship with Spokane Culvert.

Other decisions also hold that "right of control" presents an issue of fact. *American Sign & Indicator Corp. v. State, supra* at 434; *Nyman v. MacRae Bros. Constr. Co.,* 69 Wn.2d 285, 288, 418 P.2d 253 (1966); *Erickson Paving Co. v. Yardley Drilling Co.,* 7 Wn. App. 681, 686, 502 P.2d 334 (1972); *Anderson v. Red & White Constr. Co., supra* at 539; *Pichler v. Pacific Mechanical Constructors, supra* at 450.

Considering all the evidence presented and all reasonable inferences therefrom in favor of Mr. Smick, *Bernethy v. Walt Failor's, Inc.,* 97 Wn.2d 929, 932, 653 P.2d 280 (1982), we hold a question of fact exists as to whether there was an employment relationship between Mr. Smick and Burnup & Sims.

Reversed and remanded.

ROE, C.J., and McINTURFF, J., concur.