[No. 11335–0–II.   Division Two.   June 13, 1989.]

GENIA MEADS, *Appellant,* v. RAY C. ROBERTS
POST 969, INC., ET AL, *Respondents.*

*Peter Moote,* for appellant.

*Keith A. Bolton* and *Petersen, Lycette & Snook,* for respondents.

WORSWICK, J.—Genia Meads was injured when she fell down a flight of stairs at her place of employment as a bartender. She appeals summary judgment dismissing her negligence claim against Ray C. Roberts Post 969, Inc., owner of the building. The Post convinced the trial judge that it was Meads' employer as defined in RCW 51.08.070, and thus was immune from her suit under the Industrial Insurance Act, although she actually worked for a separate corporation, the Ray C. Roberts Service Club, Inc. The Post argued essentially that the Service Club corporation was a subsidiary of and completely controlled by the Post, and that, ipso facto, this made Meads the Post's employee. The trial court agreed; we do not. We reverse.

Here, the Post advances two contentions in support of its position. First, asserting that it has ultimate financial responsibility for payment of industrial insurance premiums for Service Club corporation employees, it argues that

this burden under the Act entitles it to an employer's benefits of the Act, including immunity from suit by employees. Second, it contends that *Corr v. Willamette Indus., Inc.,* 105 Wn.2d 217, 713 P.2d 92 (1986) holds that an employee of a parent corporation's wholly owned subsidiary ipso facto is an employee of the parent, by virtue of the parent's right to control the subsidiary.

Meads contends that employer immunity is conferred only after it has been established that (1) the putative employer has the right to control the employee, *and* (2) the employee has consented to the employment relationship. Meads argues that summary judgment was improper because questions of fact remain concerning these elements. We agree with Meads.

*Glass v. Stahl Specialty Co.,* 97 Wn.2d 880, 652 P.2d 948 (1982), is representative of cases offered by the Post in support of its "burden–benefit" argument. However, the sole issue in *Stahl* was whether an employer could be liable for contribution, pursuant to RCW 4.22.040, at the behest of an equipment manufacturer against whom an action had been brought by an employee of the employer. *Stahl* does not help the Post. To the contrary, the same argument was rejected in *Marsland v. Bullitt Co.,* 71 Wn.2d 343, 428 P.2d 586 (1967).

*Corr* does not support the Post's "parent–subsidiary *ipso–facto*" argument, nor does any other Washington case. In *Corr,* an employee sued a corporation, known and acknowledged to be his employer, for injuries allegedly caused by the employer's equipment. The equipment was manufactured by the corporate *predecessor* of the employer; the predecessor had been merged into the employer–corporation. The *Corr* court considered and rejected a "dual capacity" argument, and held that the "dual persona" doctrine did not apply on the facts. The court went no further.

█ Washington law on the issue of employer immunity is firmly settled and has been consistently applied. Notwithstanding a putative employer's claim of the right to

control, immunity does not exist unless it can also be shown that the employee consented to the employment relationship. *Fisher v. Seattle,* 62 Wn.2d 800, 384 P.2d 852 (1963). Thus, a 2–part test, right to control plus employee consent, applies. *Novenson v. Spokane Culvert & Fabricating Co.,* 91 Wn.2d 550, 588 P.2d 1174 (1979). Both elements involve questions of fact. *Smick v. Burnup & Sims,* 35 Wn. App. 276, 666 P.2d 926 (1983). We are satisfied from the record before us that both elements present triable fact issues in this case.

Reversed.

ALEXANDER, C.J., and PETRICH, J., concur.