[No. 13819-4-III. Division Three. May 30, 1995.]

PAUL E. MANOR, ET AL., *Appellants*, v. NESTLE FOOD COMPANY, *Respondent*.

6

*John H. McKean,* for appellants.

*Wayne L. Williams* and *Rolland, O'Malley, Williams,* for respondent.

MUNSON, J. — Paul E. and Lynette Manor appeal the summary judgment dismissal of their personal injury claim against Nestle Food Company. Because we hold a self-insured parent company is not, as a matter of law, the

"employer" of its subsidiary's workers and that the Manors' suit is not barred by a previous Department of Labor and Industries' determination, we reverse.

Mr. Manor was injured January 15, 1992, at the Carnation Processed Potato Plant in Othello when a forklift driver backed over his foot. On January 26, he was hospitalized and diagnosed as having acute inflammatory polyradiculoneuropathy (Guillain-Barre syndrome). He became completely paralyzed and was placed on a respirator until June 1. He remained hospitalized until November 20, when he was allowed to go home although he still needed assistance with basic living functions.

Mr. Manor began driving trucks for Midwest Motors, a division of the Carnation Company, in 1975. In 1981, Midwest Motors was incorporated as Carnaco Transport, Inc. Carnaco maintained facilities in Moses Lake separate and distinct from the facilities owned by Carnation in Moses Lake. As a Carnaco driver, Mr. Manor often hauled general freight for businesses that were not related to Carnation.

In 1979, Carnation was authorized to self-insure its workers' compensation liability in Washington. This included the liability of its subsidiary, Carnaco. In 1985, Carnation became a wholly owned subsidiary of Nestle Holdings, Inc., and the name was changed to Nestle Food Company in 1991.

Mr. Manor filed a workers' compensation claim on January 15, 1992, the day of the injury. On February 14, the Department of Labor and Industries issued a notice of decision allowing Mr. Manor's claim. The Manors filed suit against Nestle, seeking damages as a result of Mr. Manor's injury on April 14, 1993, and on January 21, 1994, the trial court granted Nestle's motion to dismiss. The Manors now appeal that dismissal.

█ When reviewing an order granting summary judgment, an appellate court engages in the same inquiry as did the trial court. *Barr v. Day*, 124 Wn.2d 318, 324, 879 P.2d 912 (1994). The summary judgment must be affirmed

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c). Under RAP 9.12, only the evidence and issues called to the attention of the trial court may be considered on appeal. All facts and reasonable inferences are considered in a light most favorable to the nonmoving party, and all questions of law are reviewed de novo. *Caritas Servs., Inc. v. Department of Social & Health Servs.*, 123 Wn.2d 391, 402, 869 P.2d 28 (1994).

Here, the facts are essentially undisputed; the parties raise only issues of law. The first such issue is whether Nestle is Mr. Manor's employer as a matter of law and, thus, immune from suit. The Manors contend the question is one of fact, not of law.

Under Washington's workers' compensation statutes, RCW Title 51, employees injured in their work may not sue their employers; their relief is limited to that provided by workers' compensation "except as otherwise provided in this title." RCW 51.04.010. One of those exceptions permits an injured worker to sue a third party "not in a worker's same employ" who may be liable for his or her injuries. RCW 51.24.030(1).

"For purposes of workmen's compensation, an employment relationship exists only when: (1) the employer has the right to control the servant's physical conduct in the performance of his duties, and (2) there is consent by the employee to this relationship". *Novenson v. Spokane Culvert & Fabricating Co.*, 91 Wn.2d 550, 553, 588 P.2d 1174 (1979). Both of these prongs present questions of fact. *Smick v. Burnup & Sims*, 35 Wn. App. 276, 279, 666 P.2d 926 (1983).

In Washington, there are two methods by which employers may provide workers' compensation coverage for their employees: (1) they may insure with the state fund; or (2) if qualified, they may self-insure. RCW 51.14.010. Nestle is a qualified self-insurer. Nestle argues it, together with its

subsidiaries, must be considered as one employer under WAC 296-15-023. WAC 296-15-023 deals with certification of self-insurers; it states:

(1) The certification of a firm will include all of its subsidiaries or divisions doing business in the state of Washington. A subsidiary is defined, for the purpose of this rule, as an entity which is fifty percent owned and/or has its interest controlled by another single firm.

(2) One certificate will be issued to an approved self-insurer, including all subsidiaries or divisions. *The entities will be considered as one employer for all purposes of Title 51 RCW.*

(Italics ours.) Nestle maintains that it, as well as Carnaco, must be considered Mr. Manor's employer, and that it is consequently immune from any lawsuit arising from the injury.

Included in the record is an affidavit of Larry J. Wilkinson, senior surety analyst with the Department of Labor and Industries. Mr. Wilkinson states the policy behind the requirement a self-insurer include all subsidiaries or divisions is to prevent an employer from selectively self-insuring some risks while leaving others insured by the state fund.

In *Meads v. Ray C. Roberts Post 969, Inc.*, 54 Wn. App. 486, 774 P.2d 49 (1989), an employee of Ray C. Roberts Service Club, Inc., was injured at work. She sued Ray C. Roberts Post 969, Inc., the owner of the building. The court stated:

The Post argued essentially that the Service Club corporation was a subsidiary of and completely controlled by the Post, and that, *ipso facto*, this made Meads the Post's employee. The trial court agreed; we do not. We reverse.

. . ..

*Corr* [*v. Willamette Indus., Inc.*, 105 Wn.2d 217, 713 P.2d 92 (1986)] does not support the Post's "parent-subsidiary *ipso-facto*" argument, nor does any other Washington case.

*Id.* at 487-88. Under *Meads*, if Nestle had been a par-

ticipant in the state fund rather than a self-insurer, it would not, as a matter of law, have been immune from the Manors' suit. Our Supreme Court has stated that employees should receive the same treatment whether their employer is self-insured or insures through the state fund:

> At no place in the statute is there any suggestion that employees who are employed by self-insurers are somehow to receive fewer benefits than those employees whose employers are under the state system. Nowhere in RCW Title 51 is there even a hint that the legislature intended some covered employees to be treated differently than others.

*Johnson v. Tradewell Stores, Inc.*, 95 Wn.2d 739, 745, 630 P.2d 441 (1981).

Where, as here, an agency has specifically been delegated rule-making power by the Legislature, its regulations are presumed valid. *Weyerhaeuser Co. v. Department of Ecology*, 86 Wn.2d 310, 314, 545 P.2d 5 (1976). A challenged regulation will be upheld if it is reasonably consistent with the statute it implements. *Id.* at 314.

To the extent WAC 296-15-023 requires all self-insurers to include subsidiaries and divisions, it prevents an employer from selectively self-insuring its low-risk employees while leaving its high-risk employees insured with the state fund. To that extent, it is reasonably consistent with RCW 51. However, it is not reasonably consistent to the extent it requires all entities covered by a self-insurance certification to be considered one employer for *all* purposes under RCW 51. To do so may result in the denial of a worker's right to bring a third-party claim against the parent company of his employer merely because the parent chose to self-insure.[1]

Nestle was not, as a matter of law, Mr. Manor's em-

---

[1]We note corporate mergers, consolidations, and combinations are commonplace in today's business world. In *Jackson v. Harvey*, 72 Wn. App. 507, 519, 864 P.2d 975, *review denied*, 124 Wn.2d 1003 (1994), the court noted an employee should not be required to guess who his employer is. Similarly, an employee should not have to guess whether a particular corporation is related to his employer as parent or some other affiliate.

ployer. Construed most favorably toward the Manors, the affidavits present material issues of fact as to whether Nestle could be considered Mr. Manor's employer. Summary judgment was improper.

The second issue raised by the parties is whether the Department's February 14, 1992, "Notice of Decision" precludes the Manors' claim either through res judicata or collateral estoppel. The Manors contend it does not. The notice issued by the Department allowed both time-loss compensation and medical benefits because Mr. Manor had "sustained an injury while in the course of employment with a self-insured employer." The notice lists Mr. Manor's "EMP" as Nestle and gives Carnaco's Moses Lake address as the work location.[2]

In *Bordeaux v. Ingersoll Rand Co.*, 71 Wn.2d 392, 429 P.2d 207 (1967), the Department denied a worker's claim he was injured by a power tamper, stating the tamper did not cause the injury. In his later suit against the manufacturer of the tamper, the manufacturer argued the claim was precluded because the Department's decision was res judicata. The court set forth the requirements for the application of res judicata:

> To make a judgment *res judicata* in a subsequent action there must be a concurrence of identity in four respects: (1) of subject-matter; (2) of cause of action; (3) of persons and parties; and (4) in the quality of the persons for or against whom the claim is made.

*Id.* at 396 (quoting *Northern Pac. Ry. v. Snohomish Cy.*, 101 Wash. 686, 688, 172 P. 878 (1918)). Of the four, the court found only a concurrence of subject matter, and thus held the suit was not barred by res judicata.

Here, as in *Bordeaux*, there is a concurrence of subject matter—Mr. Manor's injuries are the subject of both actions. The causes of action, however, are different. Mr. Manor's negligence claim against Nestle is based on fault. Fault is not an issue in a workers' compensation claim. As

---

[2]Mr. Manor's claim identified Carnaco as his employer.

a self-insurer, Nestle was a party to the action before the Department. *Id.* at 399. Thus, there is a concurrence of persons and parties. However, the quality of the person against whom the claim is made differs. In the workers' compensation claim, Nestle's position was not adversarial while it is clearly an adversary in the present claim. In short, there is not such a concurrence of identity between the claims that the present claim should be barred by res judicata.

▮ In *Malland v. Department of Retirement Sys.*, 103 Wn.2d. 484, 489, 694 P.2d 16 (1985), the court stated the requirements for the application of collateral estoppel:

> (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied.

Here, it is not clear from the Department's order whether it considered the question of whether Nestle or Carnaco was Mr. Manor's employer. Nor does it appear such a determination was necessary to the Department's decision. In either case, Mr. Manor's workers' compensation claim would have been under Nestle's self-insurance certificate. While the Department's decision is final as to Mr. Manor's entitlement to workers' compensation benefits, the Department does not appear to have addressed the merits of the Manors' current claim. The Manors are not raising the identical issue, and the Department's decision was not a final judgment as to the merits of the current claim. As noted, Nestle was a party to the action before the Department. Thus, both Nestle and the Manors were parties to the earlier proceeding. Finally, because Mr. Manor was completely paralyzed and on a respirator in intensive care at the time the notice was issued and throughout the 60 days allowed for appeal, application of the doctrine would work a serious injustice against him. The Manors are not collaterally estopped from asserting their claim against Nestle.

The summary judgment is reversed and the case remanded for trial.

THOMPSON, C.J., and SCHULTHEIS, J., concur

Review granted at 127 Wn.2d 1021 (1995).