Argued and submitted September 17, 1990, reversed and remanded May 15, reconsideration denied June 26, petition for review allowed August 6, 1991 (312 Or 16) Petition for review withdrawn and case dismissed December 26, 1991 (312 Or 554)

Barbara E. PERKINS,
*Appellant,*

*v.*

Mark G. GEHLAR,
Trustee for the Mark G. Gehlar Trust,
*Respondent.*

(88C-11322; CA A63279)

811 P2d 650

Frank J. Susak, Portland, argued the cause and filed the briefs for appellant.

Mildred J. Carmack, Portland, argued the cause for respondent. With her on the brief were Joyce A. Hyne and Schwabe, Williamson & Wyatt, Portland.

Before Deits, Presiding Judge, and Newman and De Muniz, Judges.

NEWMAN, J.

Deits, P. J., dissenting.

## NEWMAN, J.

Appellant brought this action for personal injuries sustained on property that had been leased to Oregon Fruit Products Company. She appeals a summary judgment against her. ORCP 47. We reverse and remand.

These facts are undisputed. Mark G. Gehlar (Gehlar) co-founded Oregon Fruit Products in 1935. It has remained in the same location, and it includes a main office building and separate buildings for fruit processing and canning. In the late 1960's, Gehlar incorporated Oregon Fruit Products Company (the company) and transferred the business to it. He retained ownership of the real property and leased it to the company.

In 1978, Gehlar created the Mark G. Gehlar Trust, with himself as trustee. In 1980, he conveyed the real property by a bargain and sale deed "to MARK G. GEHLAR, Trustee, as Grantee." In 1985, Gehlar, as trustee, executed a written lease of the real property to the company. The lease recited that it was

"by and between MARK G. GEHLAR, Trustee, as 'Landlord,' and OREGON FRUIT PRODUCTS CO., an Oregon corporation, as 'Tenant.' "

It provided:

"*REPRESENTATIVE CAPACITY OF LANDLORD.* Landlord is executing this lease solely as Trustee under a written Trust Agreement, as amended, between Mark G. Gehlar, as Trustee, and Mark G. Gehlar, as Trustor, and solely in such representative capacity and not in his separate individual capacity, and the liability of Landlord and all events under this lease shall be limited to the assets and property constituting the trust estate of said trust while in the hands of the Trustee."[1]

After 1985, Gehlar continued to act as a director of the company and to work for it as a part-time employee.

In 1987, appellant worked for the company in a building on the property known as the cannery. At the time of the accident, she was washing fruit containers in a sink and placing them on a nearby table. The area in which she worked often had standing water on the wooden floor. As she walked from the

---

[1] There is no written trust instrument in the record. Gehlar stated in an affidavit that he "entered into a Revocable Living Trust by which I created the Mark G. Gehlar Trust, of which I am both trustor and trustee."

sink to the table, she fell through the wooden floor and injured her shoulder, back and legs. She received workers' compensation benefits from the company. She then sued the trustee (defendant) for negligence, asserting that it is liable for her injuries. ORS 656.154.[2]

Defendant moved for summary judgment, arguing that it is a co-employee of plaintiff and is exempt from liability under ORS 656.018(3). It also asserted that, even if it is not exempt under ORS 656.018(3), it is not liable under the terms of the lease for her injuries. The court granted a summary judgment and made what it described as "findings":

"1. As to the issues raised in defendant's Motion for Summary Judgment, there are no genuine issues as to any material facts.

"2. The Workers' Compensation exemption in ORS 656.018(3) extends to defendant/trustee.

"3. Under the terms of the lease between defendant and tenant Oregon Fruit Products Company, the tenant has the responsibility for repairs and maintenance."

The issue is whether defendant established that no genuine issues of material fact exist and that it is entitled to summary judgment as a matter of law. We review the record in the light most favorable to plaintiff. *Stanfield v. Laccoarce,* 288 Or 659, 665, 607 P2d 177 (1980); *Uihlein v. Albertsons, Inc.,* 282 Or 631, 634, 580 P2d 1014 (1978). Plaintiff contends that defendant is not exempt from liability under ORS 656.018(3), which provides:

"The exemption from liability given an employer under this section is also extended to * * * the * * * employees * * * and directors of the employer * * *."

She asserts that defendant is not her co-employee, even though Gehlar, as an individual, is. Defendant responds that it is exempt because

"[t]he Mark Gehlar who is plaintiff's coemployee is the same Mark Gehlar who is the trustee of the Mark G. Gehlar trust and

---

[2] ORS 656.154 provides:

"If the injury to a worker is due to the negligence or wrong of a third person not in the same employ, the injured worker * * * may elect to seek a remedy against such third person."

is the very person from whom plaintiff seeks recovery in this case."

■     The court erred as a matter of law when it held that defendant is exempt under ORS 656.018(3). We reject defendant's argument that, because Gehlar, the individual, is also the trustee, the trustee and the individual are the same entity and that the trustee is, therefore, plaintiff's co-employee. In 1980, Gehlar conveyed the real property to defendant, "Mark G. Gehlar, Trustee," who then owned it. Defendant, as landlord, leased the property to the company as "tenant." The lease recites that Gehlar executed it "solely as Trustee under a written Trust Agreement * * * between Mark G. Gehlar, as Trustee, and Mark G. Gehlar, as Trustor, and solely in such representative capacity and not in his separate individual capacity" and that defendant's liability would be "limited to the assets and property constituting the trust." In his deposition, Gehlar denied that he owned the property; he testified that it is owned by "Mark G. Gehlar, Trustee." Defendant may not assert now that it and Gehlar are the same. The only evidence in the record is that the company employed Gehlar, not defendant. There is no showing whatsoever that defendant is an employee of the company and, therefore, a co-employee of plaintiff.

■     Plaintiff also assigns as error that the court ruled that defendant, as landlord, is not liable for her injuries on the ground that the company, as tenant, had the responsibility to maintain and repair the floor of the cannery. Plaintiff responds that, on that question, the lease is ambiguous and that, in any event, it does not bear on her right to recover from defendant.

In *Bellikka v. Green,* 306 Or 630, 762 P2d 997 (1988), the court said that a landlord is not liable for injuries to someone other than a tenant caused by a defect on leased property when

" 'the nature of the defect might be such that the landlord would reasonably expect that the tenant would take steps to remedy the defect or otherwise to safeguard persons entering them at his invitation.' " 306 Or at 647 (*quoting Jensen v. Meyers,* 250 Or 360, 364 & n 5, 441 P2d 604 (1968)).

Defendant has not shown that there are no genuine issues of material fact as to whether defendant could reasonably expect that the company would remedy any defect in the cannery floor or otherwise safeguard plaintiff from it.

The lease provides:

"(6)  *REPAIRS AND CONDITIONS OF PREMISES.*

"(a)  Tenant has examined the premises and knows their condition and accepts them as they now are. No representations nor warranties as to the condition of the premises have been made by Landlord, unless herein stated.

"(b)  *Repairs.* Tenant shall keep the land and all buildings and improvements thereon and all sidewalks and ways adjacent thereto in a condition that meets the requirements of local laws and ordinances. Except for the main office building, Tenant shall have no further duty of repair and maintenance with respect to improvements existing on the property as of May 1, 1985. With respect to the main office building and all improvements which Tenant places on the property after May 1, 1985, Tenant shall maintain such improvements in good condition, reasonable wear and tear excepted. Landlord shall have no obligation to keep any present or future buildings on the property in tenantable condition or to repair or to restore any such buildings under any circumstances. Subject to the provisions of paragraph (14)(b) below [which concern destruction of buildings by casualty], no damage to or destruction of any such buildings shall relieve Tenant from Tenant's obligations hereunder. It is the intent of the parties that Tenant shall pay all charges and burdens connected in any way with such property during this lease, and that Landlord shall pay none of them, except as specifically provided in this lease."

Defendant has not shown that the condition of the cannery floor did not meet requirements of any local laws or ordinances. The cannery is not the main office building, and defendant has not shown that the cannery is an improvement that did not exist on the property before May 1, 1985. Consequently, the lease does not place the responsibility for repair and maintenance of the cannery floor on the company. It also does not place that responsibility on defendant. The lease is silent as to whether defendant or the company has that responsibility. On this record, the court erred in "finding" that, under the terms of the lease, the company had that responsibility.

Moreover, Gehlar stated in a deposition that the "floors on the [cannery] premises were replaced with concrete

and cement slabs as rapidly as [was] necessary," because forklifts had broken through them.[3] Defendant did not show, however, the times that those events occurred, who had the time and the opportunity to repair the defect in the cannery floor that caused plaintiff's injury, whether that defect was an undisclosed dangerous condition known to defendant or to the company and whether defendant retained any control of the premises. *See Bellikka v. Green, supra,* 306 Or at 647. Accordingly, there are genuine issues of material fact as to whether defendant could reasonably expect that the company would maintain and repair the cannery floor or safeguard plaintiff from a defect in it. The court erred when it granted summary judgment to defendant.

Reversed and remanded.

**DEITS, P. J.,** dissenting.

The majority begins and ends its analysis of the co-employee immunity issue with the truism that a trustee is legally different from the individual who serves in that capacity. However, the majority fails to offer any meaningful explanation of why that truism results in the conclusion that Gehlar is not immune under ORS 656.018(3).

Plaintiff acknowledges that Gehlar, the individual, is her fellow employee. She also appears to acknowledge that he would be immune under ORS 656.018(3) for injuries that she sustained in the building that he owns if he had held title to it in his individual capacity. That is true, even though his status as owner of the building in any capacity is legally distinct from his status as an employee of the company and a co-employee of plaintiff. The majority ignores those concessions and concludes that, technically, "defendant [Gehlar, as trustee,] is an entity distinct from Gehlar [as individual]"[1] and, therefore, as trustee, he is not entitled to immunity. The majority reaches that conclusion without any explanation of why the additional fact that Gehlar owns the building as a trustee rather than individually divests him of immunity. Further, the majority does not

---

[3] Only three pages of Gehlar's deposition are in the record.

[1] The issue cannot be avoided simply by calling Gehlar the trustee "defendant" and Gehlar the individual "Gehlar," as the majority does. Indeed, it is plaintiff's attempt to make that distinction that gives rise to the issue.

consider the purpose of the immunity statute, nor does it discuss the existing authority on the issue.

The most pertinent case that the parties cite or that I find is *Kimball v. Millet,* 52 Wash App 512, 762 P2d 10 (1988), *rev den* 111 Wash 2d 1036 (1989), where the court construed the Washington equivalent of ORS 656.018(3), in an action by an employee against two co-employees who also owned the property on which the plaintiff was injured and who leased it to their mutual employer. The court said that the plaintiff

"attempts to [avoid the immunity statute] by characterizing the Millets not as employers or coemployees, but as land-owners, thereby invoking the 'dual persona' doctrine, recognized but not applied in *Carr v. Willamette Indus., Inc.,* 105 Wash. 2d 217, 220-21, 713 P.2d 92 (1986). Under this doctrine, an employer (and presumably a coemployee) may fall within the third person exception to immunity if, but only if, possessing a second persona so completely independent from and unrelated to the status of employer (or coemployee) that, by established standards, the law recognizes the second persona as a separate legal person.

"The immunities conferred by the Act are not easy to avoid, * * * and Kimball cannot avoid them in this case. Our statute has always been construed stringently in eliminating claims against employers. * * * Theories that attempt to circumvent statutory immunities should be examined with the same stringency.

"Although in this field the courts of this state are seldom persuaded by decisions from other states, * * * it is nevertheless appropriate to consider how those courts have dealt with problems that are new to us. Having considered cases from other jurisdictions dealing with this issue, we are persuaded, by the reasoning of the New York Court of Appeals, that where the facts supporting a third party/'dual persona' claim are those under which a coemployee would be immune from suit under the Act, the putative defendant cannot be said to have a second persona *so completely separate* as to be recognized by law as a separate person for purposes of third-party liability for an on-the-job injury. *Heritage v. Van Patten,* 59 N.W.2d 1017, 466 N.Y.S. 2d 958, 453 N.E.2d 1247 (1983) * * *." 52 Wash App at 513. (Emphasis in original; footnote and some citations omitted.)

Applying the Washington court's analysis, in order for Gehlar to lose his immunity, his status as a trustee must have

some bearing on the parties' relationship that alters the reason for the immunity of co-employees. That is not the case. Gehlar, individually, is plaintiff's co-employee. The fact that he also owns the building as a trustee has nothing to do with plaintiff, nothing to do with her relationship to the work premises that he owns and nothing to do with her work relationship with him.

Plaintiff and the majority reason that Gehlar the trustee is "legally distinct" from Gehlar the individual; therefore, because only the latter is a co-employee and only the former is the named defendant, there can be no immunity under ORS 656.018(3). However, the sharp line that plaintiff and the majority would draw between the two "entities" has no foundation in authority. In the first place, it would be more accurate to say that the *trust,* not the *trustee,* is the legal entity and that the trustee stands in a defined relationship and has responsibilities attendant to that entity. Plaintiff's theory is not that the trust is liable, but that the trustee is personally liable to her by reason of his negligence in connection with the maintenance of the business premises.

Plaintiff relies on Restatement (Second) Trusts, § 264 (1959):

> "The trustee is subject to personal liability to third persons for torts committed in the course of the administration of the trust *to the same extent that he would be liable if he held the property free of trust."* (Emphasis supplied.)

Rather than supporting plaintiff, the *Restatement* illustrates the circularity of her argument. If Gehlar held the property free of trust, he would be immune. His personal liability as trustee under the quoted provision can be no greater.

In sum, plaintiff's argument, and the majority's acceptance of it, make co-employee immunity contingent on the absence of any status or relationship between the parties other than that of fellow employees. The policy underlying ORS 656.018(3) is strong. I cannot agree that the legislature intended that that immunity could be circumvented by meaningless distinctions of the kind on which plaintiff's case depends.

I would affirm and, therefore, I respectfully dissent.