Argued and submitted September 6, 1991, affirmed April 8, reconsideration denied
May 27, petition for review denied July 21, 1992 (313 Or 628)

Shirley VARLAND,
individually and as personal representative of
the Estate of Neal Varland, Deceased,
Steven Varland and Gale Varland,
*Appellants,*

*v.*

F. Willis SMITH,
dba Riverside Land and Cattle Company,
*Respondent.*

(90CV0381; CA A66985)

828 P2d 1053

Roger Gould, Coos Bay, argued the cause for appellants. With him on the briefs was Joelson, Gould, Wilgers and Dorsey, P.C., Coos Bay.

William H. Stockton, Hillsboro, argued the cause for respondent. With him on the brief was Schwenn, Bradley, Batchelor, Brisbee and Stockton, Hillsboro.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiffs appeal from a judgment dismissing their wrongful death action, based on negligence and liability under the Employers' Liability Act. ORS 654.305 *et seq.* (ELA). The trial court granted defendant's motion for summary judgment on the ground that defendant is exempt from liability under ORS 656.018 and that plaintiff's exclusive remedy is under the Workers' Compensation Act. We agree and affirm.

The decedent was an employee of Coos Head Lumber and Plywood (Coos Head), which provided his workers' compensation coverage. Defendant Smith is part owner, president and an employee of Coos Head. He is also the owner of Riverside Land and Cattle Company (Riverside).

In January, 1987, defendant and Coos Head executed a service contract whereby Coos Head agreed to perform all services related to the maintenance and supervision of Riverside, including ranch management. The contract provided that Coos Head was an independent contractor and would provide workers' compensation insurance for its employees.

The decedent managed Riverside for Coos Head. He was killed when the front-end loader that he was driving rolled over and crushed him. It is undisputed that the decedent was in the course of his employment when he was killed. Coos Head accepted a workers' compensation claim filed by decedent's beneficiaries and is paying death benefits.

Defendant is the owner of the front-end loader. With his knowledge, the loader had been operated for many years without a rollover protection device, or cage, so that it could be used in and around the barn. Plaintiffs contend that, by permitting the loader to be operated without a cage, defendant acted negligently, violated ELA and is subject to liability as a third party under ORS 656.154.[1]

---

[1] ORS 656.154 provides:

"If the injury to a worker is due to the negligence or wrong of a third person not in the same employ, the injured worker, or if death results from the injury, the spouse, children or other dependents, as the case may be, may elect to seek a remedy against such third persons."

ORS 656.018 provides, in part:

"(1)(a)   The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of compensable injuries to the subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such injuries, except as specifically provided otherwise in ORS 656.001 to 656.794.

"* * * * *

"(2)   The rights given to a subject worker and the beneficiaries of the subject worker for compensable injuries under ORS 656.001 to 656.794 are in lieu of any remedies they might otherwise have for such injuries against the worker's employer under ORS 654.305 to 654.335 or other laws, common law or statute, except to the extent the worker is expressly given the right under ORS 656.001 to 656.794 to bring suit against the employer of the worker for any injury.

"(3)   *The exemption from liability given an employer under this section is also extended to the employer's insurer, the self-insured employer's claims administrator, the department, and the contracted agents, employees, officers and directors of the employer, the employer's insurer, the self-insured employer's claims administrator and the department* * * *[.]*" (Emphasis supplied.)

It is undisputed that defendant was both an officer and employee of Coos Head. It is also undisputed that, in his supervision of the decedent, defendant was acting in his capacity as president of Coos Head. Accordingly, defendant is exempt from liability under ORS 656.018, and plaintiffs' exclusive remedy is under the Workers' Compensation Act.

Plaintiffs contend that their claims are against defendant as an individual and as the owner and person in control of the loader, not in his capacity as an officer or employee of Coos Head. Even so, defendant is entitled to the exemption provided by ORS 656.018, because he is both an officer and employee of the decedent's employer, and the decedent was injured in the course and scope of his employment. *Compare*: *Perkins v. Gehlar*, 107 Or App 158, 811 P2d 656, *rev dismissed* 312 Or 554 (1991).

Affirmed.