Necole Eve FIELDS,
*Appellant,*

*v.*

JANTEC, INC.,
Edgar C. Brown
and Broughton & Harrell Corporation,
an Oregon corporation,
*Respondents.*

(16-90-06820; CA A71071)
839 P2d 723

Carl G. Kiss, Portland, argued the cause for appellant. With him on the briefs were Charles Paulson and Paulson & Baisch, P.C., Portland.

Stephen P. Rickles, Portland, argued the cause for respondents Jantec, Inc., and Broughton & Harrell Corporation. With him on the brief was Holmes & Folawn, Portland.

William E. Flinn, Eugene, argued the cause for respondent Edgar C. Brown. With him on the brief were John R. Osburn and William E. Flinn Associates, Eugene.

Before Riggs, Presiding Judge, and Edmonds and De Muniz, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff sued defendants to recover damages resulting from the amputation of her hand by a cheese grinder. The trial court granted defendants' summary judgment motions. ORCP 47. Plaintiff appeals, and we reverse in part and affirm in part.

In 1988, plaintiff began working at Abby's Pizza Inn in Florence (Abby's), which was owned by defendant Jantec, Inc. (Jantec). In her work, she used a cheese grinder that had been installed in the early 1970's. In 1989, defendant Brown, the sole shareholder and also an officer and director of Jantec, agreed to sell all of his shares in Jantec to defendant Broughton & Harrell Corporation (Broughton & Harrell). As part of the agreement, Broughton & Harrell agreed to liquidate Jantec. After the sale, Jantec filed articles of dissolution and conveyed its equipment, including the cheese grinder, to Broughton & Harrell. Plaintiff continued to work at Abby's after the sale.

In 1990, plaintiff's hand was amputated while she was operating the cheese grinder. At the time of the accident, she had pushed her hand deeper than usual into the feed hopper, because the cheese was soft and kept getting stuck. Plaintiff filed a claim for workers' compensation, which was accepted and paid by Broughton & Harrell's insurer. In 1991, she filed this action for personal injury, alleging that defendants negligently caused the accident.[1] Because the trial court granted defendants' motions for summary judgment, we review the record in the light most favorable to plaintiff, mindful that defendants must show that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. ORCP 47C; *Hefty v. Comprehensive Care Corporation,* 307 Or 247, 250, 766 P2d 1026 (1988). For purposes of the motions for summary judgment, defendants acknowledge that the cheese grinder was a "dangerous" machine.

We first address the argument raised by Broughton & Harrell that it is statutorily immune from plaintiff's claim,

---

[1] No issue is raised on appeal regarding the applicability of ORS 30.920 to this case.

because of the exclusive remedy provisions of workers' compensation statutes. *See* ORS 656.018. Plaintiff argues that her claims constitute third party claims against responsible tortfeasors under ORS 656.154.[2] She contends that, despite the provisions of ORS 656.018(1), when Broughton & Harrell purchased Jantec's stock, dissolved Jantec and acquired its assets and continued operations with the same employees as before, it retained responsibility for all of Jantec's actual and potential liabilities under ORS 60.644(4) (*since amended by* Or Laws 1991, ch 883, § 11).

ORS 656.018(1)(a) provides:

"The liability of every employer who satisfies the duty required by ORS 656.017 (1) is exclusive and in place of all other liability arising out of compensable injuries to the subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such injuries, except as specifically provided otherwise in this chapter."

ORS 60.644(4) (*since amended by* Or Laws 1991, ch 883, § 11)[3] provides:

"A claim may be enforced under this section:

"(1) Against the dissolved corporation to the extent of its undistributed assets; or

"(2) If the assets have been distributed in liquidation against the shareholder of the dissolved corporation to the extent of the shareholder's pro rata share of the claim or the corporate assets distributed to the shareholder in liquidation, whichever is less. A shareholder's total liability for all claims under this section may not exceed the total value of assets distributed to the shareholder, as of the date or dates of distribution, less any liability of the corporation paid on

---

[2] ORS 656.154 provides:

"If the injury to a worker is due to the negligence or wrong of a third person not in the same employ, the injured worker, or if death results from the injury, the spouse, children or other dependents, as the case may be, may elect to seek a remedy against such third person."

[3] The substance of ORS 60.644(4) is now codified at ORS 60.645. *See* Or Laws 1991, ch 883, § 16.

behalf of the corporation by that shareholder after the date of distribution."

ORS 60.644(4) makes a shareholder liable for claims against the dissolved corporation to the extent of assets that it received in liquidation. ORS 656.018(1) exempts an employer from liability for "matters concerning a claim," because an employee's exclusive remedy is under the Workers' Compensation Act. *See Gordineer v. Bellotti*, 100 Or App 102, 105-06, 785 P2d 362, *rev den* 310 Or 121 (1990). Status of an employer does not change because the employer is also a shareholder of a dissolved corporation. The statute expresses a legislative intent that an employer's liability be exclusive for work related injuries under the Workers' Compensation law. The general rule is that, when two statutes refer to the same subject matter and their applications would conflict, the specific statute prevails over the general one. *State v. Pearson*, 250 Or 54, 58, 440 P2d 229 (1968). As the sole shareholder of Jantec, Broughton & Harrell may be liable for claims against Jantec under ORS 60.644(4). However, because ORS 656.018 specifically governs the liability of employers for work-related injuries to employees, it controls over the liability imposed generally by ORS 60.644. The trial court did not err in granting summary judgment to Broughton & Harrell.[4]

Next, we address the motions of Brown and Jantec, who argue that their liability, if any, is limited to that imposed by *Restatement (Second) Torts*, § 388 (1965),[5] for damages

---

[4] In *Perkins v. Gehler*, 107 Or App 158, 811 P2d 690, *appeal dismissed* 312 Or 554 (1991), we held that a trustee landlord was not immune under ORS 656.018(3) because he was also a co-employee of plaintiff. We reasoned that the defendant's status as a trustee was as a legal entity distinct from his status as a co-employee and so he could be held personally liable as trustee for negligence in connection with the maintenance of the business premises. Here, Broughton & Harrell's status as an employer and as a shareholder of Jantec involve functions of the same legal entity, a corporation.

[5] *Restatement (Second) Torts*, § 388 (1965) provides:

"One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier

"(a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and

caused by a failure to warn of a latent danger. They assert that this case is not governed by the common law negligence standard in *Fazzolari v. Portland School Dist. No. 1J.*, 303 Or 1, 734 P2d 1326 (1987), because it involves a specialized standard of care, *i.e.*, that owed by a supplier of a dangerous product. They conclude that they cannot be liable to plaintiff under section 388, because the danger that resulted in plaintiff's injury was obvious.

In *Bellikka v. Green*, 306 Or 630, 638-39, 762 P2d 997 (1988), the plaintiff argued that the decisions in *Fazzolari v. Portland School Dist. No. 1J, supra*; *Kimbler v. Stillwell*, 303 Or 23, 734 P2d 1344 (1987); and *Donaca v. Curry Co.*, 303 Or 30, 734 P2d 1339 (1987), required the court to abandon the common law concept of landlord liability under the *Restatement*. The court said:

> "The question in the present case is not whether *Fazzolari* requires that this court abandon the principles set forth in the Restatement (Second) of Torts § 356. That case does not make principles of common-law negligence apply where they otherwise would not. The question is whether the principles of modern negligence law are in conflict with the traditional rules of landowner liability set forth in the Restatement and, if so, which rules are more properly applied to the present situation?" 306 Or at 639.

---

"(b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and

"(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous."

*Comment k* explains:

"*When warning of defects unnecessary.* One who supplies a chattel to others to use for any purpose is under a duty to exercise reasonable care to inform then of its dangerous character in so far as it is known to him, or of facts which to his knowledge make it likely to be dangerous, if, but only if, he has no reason to expect that those for whose use the chattel is supplied will discover its condition and realize the danger involved. It is not necessary for the supplier to inform those for whose use the chattel is supplied of a condition which a mere casual looking over will disclose, unless the circumstances under which the chattel is supplied are such as to make it likely that even so casual an inspection will not be made. However, the condition, although readily observable, may be one which only persons of special experience would realized to be dangerous. In such case, if the supplier, having such special experience, knows that the condition involves danger and has no reason to believe that those who use it will have such special experience as will enable them to perceive the danger, he is required to inform them of the risk of which he himself knows and which he has no reason to suppose that they will realize." (Emphasis in original.)

Here, a similar issue is presented as to whether Brown's and Jantec's liability regarding a failure to warn is circumscribed by section 388 of the *Restatement*. Under that section, a supplier has no duty to warn if it has reason to believe that those for whose use the chattel is supplied will realize its dangerous condition. Plaintiff's allegations seek to impose liability for failure to warn and failure to add a safety device. In *Fuhrer v. Gearhart By The Sea, Inc.*, 306 Or 434, 438-39, 760 P2d 874 (1988), the court said that failure to warn or protect should be analyzed in terms of foreseeability and unreasonable conduct:[6]

"A defendant may be liable if the defendant can reasonably foresee that there is an unreasonable risk of harm, a reasonable person in the defendant's position would warn of the risk, the defendant has a reasonable chance to warn of the risk, the defendant does not warn of the risk, and the plaintiff is injured as a result of the failure to warn.

"There are four factors to be considered in determining whether action or a failure to act is reasonable: the likelihood of harm, the severity of the possible harm, the 'cost' of action that would prevent harm, and the defendant's position, including the defendant's relationship with the plaintiff.

"If there is a relationship between the parties, an obligation may be imposed by statute, contract or court-made law. If no special obligation is imposed by law or contract, the fact-finder should determine whether action by the parties is

---

[6] The court said:

"The law traditionally has been that a defendant is liable for a failure to warn or protect only if the defendant had a 'duty' to warn or protect. This court discussed the concept of duty in negligence cases in *Fazzolari, Kimbler [v. Stillwell*, 303 Or 23, 734 P2d 1344 (1987)] and *Donaca [v. Curry Co.*, 303 Or 30, 734 P2d 1339 (1987)]. In those cases, we held that the concept of duty was not always a useful tool with which to analyze common-law negligence. There may be specific duties established by statute, status or relationship, but the absence of such duties does not insulate a defendant from liability. In the absence of a duty arising from a source of that kind, a defendant may be liable for conduct which is unreasonable in the circumstances if that conduct results in harm to a plaintiff and the risk of harm to the plaintiff or the class of persons to whom the plaintiff belongs was foreseeable.

"* * * * *

"Failure to warn or protect should be analyzed in terms of foreseeability and unreasonable conduct. If a specific affirmative duty is imposed by statute, status or relationship, an analysis based on that specific duty is also appropriate. * * * Absent an affirmative duty, the existence of a 'duty' in the given circumstances is a conclusion to be reached, not a means of analysis." 306 Or at 438.

required by the relationship and, if so, what action is required. Even if there is no relationship between the parties, *if the risk is great, either in likelihood or magnitude, and the cost is minimal, the reasonableness of the action should be determined by the factfinder*." 306 Or at 438. (Emphasis supplied; footnote omitted.)

Failure to provide safety measures is subject to the same standard.[7] 306 Or at 442 n 3.

We reject Brown's and Jantec's argument that their liability is governed entirely by section 388. That argument necessarily focuses on the concept of "duty," a focus rejected by *Fazzolari* and *Fuhrer*. The real issue is whether it was reasonably foreseeable that plaintiff would be injured by defendants' conduct and whether their conduct was unreasonable.

■■   Plaintiff alleges that Brown and Jantec were negligent in removing a safety guard, failing to replace the guard and transferring the grinder to Broughton & Harrell without warning of its dangerous condition. She alleges that they knew or had reason to know that, without the guard, the grinder was dangerous and that it was foreseeable that an employee would be injured while using it.

Brown and other employees testified that there was no guard on the grinder when it was purchased or afterwards. Brown filed an affidavit saying that, before plaintiff's injury, he was not aware of any injuries arising out of the use of the grinder and that he had not seen a guard identified in an operator's manual or on the grinder. Plaintiff presented evidence that Brown had extensive experience in the pizza business, had frequently visited Abby's and had observed how the staff performed their duties, including the grinding of

---

[7] In *Fuhrer*, the court said:

"This opinion concentrates on the failure to warn, as did the briefs of the parties. The failure to provide safety measures is measured by the same standard as the standard used for failure to warn. One factor in determining the reasonableness of any failure to warn or act is the opportunity and cost of warning or taking action. Normally, providing safety measures is more costly, and the cost may make a failure to act reasonable when a failure to warn would not be reasonable; otherwise, the analysis of the two situations should be no different. Because plaintiff has not alleged facts sufficient to constitute a claim against either defendant on a failure to warn theory, the complaint also fails on a failure to provide safety measures theory." 306 Or at 442 n 3.

cheese. There is also evidence that Jantec's management was aware of the danger of the machine without a guard, because several employees had requested that one be added. Jantec's former district manager testified that the grinder had holes that looked like something could have been bolted through. It would have cost approximately $150 to make a guard. Before the transfer, a representative of Broughton & Harrell had inspected the grinder and indicated that Jantec should obtain a guard.

Brown, as a corporate officer is not protected from personal liability if he authorized, directed or participated in tortious conduct. *Beri, Inc. v. Salishan Properties, Inc.*, 282 Or 569, 580, 580 P2d 173 (1978); *Wampler v. Palmerton*, 250 Or 65, 77, 439 P2d 601 (1968). We conclude that there is a genuine issue of material fact as to whether Brown was negligent in failing to direct the placement of a safety guard on the grinder. A trier of fact could infer that he had reason to know that the grinder should have a guard and that his conduct unreasonably created a foreseeable risk to plaintiff.[8]

Although it is not clear from the record whether plaintiff is seeking to hold Jantec liable apart from any liability of Broughton & Harrell as a shareholder of the dissolved corporation, we address Jantec's separate liability. In the light of the testimony about Brown's knowledge of the dangerous condition of the grinder, there is also an issue of fact as to whether Jantec was negligent on the basis of *respondeat superior* when it transferred the grinder without installing a safety guard. Because, arguably, the risk of harm is great and the cost is minimal, the reasonableness of defendants' conduct should be determined by the factfinder. *Fuhrer v. Gearhart By The Sea, Inc., supra*, 306 Or at 439.

■ Brown and Jantec contend that they are also immune from liability under ORS 656.018(1). The short answer to that argument is that neither of them was plaintiff's employer at the time of the injury. Jantec points to the fact that plaintiff was an employee of Jantec when the grinder was transferred to Broughton & Harrell, which is the gravamen of

---

[8] There is no evidence that Brown removed a safety guard from the grinder. He did not transfer the grinder to Broughton & Harrell. The transfer was from Jantec after Brown sold his stock.

the claim. Although the purported negligence may have occurred when plaintiff was Jantec's employee, ORS 656.018(1) only provides immunity from liability for those who are "employers" *at the time of the injury. See* ORS 656.005(13). Plaintiff's claims against Jantec and Brown constitute third party claims against potentially responsible tortfeasors under ORS 656.154.

■        Jantec and Brown also argue that plaintiff's injuries were caused by her own contributory negligence.[9] Whether plaintiff acted reasonably must be answered by a trier of fact after hearing the evidence, not decided as a matter of law. *Dahl v. BMW*, 304 Or 558, 566, 748 P2d 77 (1987).

The trial court erred when it granted summary judgment to Jantec and Brown.

Reversed and remanded as to Jantec, Inc., and Edgar C. Brown; otherwise affirmed.

---

[9] Warning signs were permanently affixed to each side of the grinder, warning the user: "DANGER NEVER PUT HAND INTO FEED HOPPER." At the request of a supervisor, plaintiff had prepared a sign that was posted on a wall near the grinder: "Caution * * * when this machine is in use, please remember to use the correct procedure." A few months before the accident, plaintiff had a similar accident that had bruised her right thumb while she was feeding cheese into the grinder.