OPINION
FRYE, District Judge:
The matters before the court are 1) the motion of Hewlett-Packard, Inc. for final judgments (# 123); and 2) the motion of Robert L. Praegitzer and Praegitzer Industries, Inc. for a new trial (# 125).
BACKGROUND
Hewlett-Packard, Inc. (Hewlett-Packard) filed this action against Praegitzer Industries, Inc. (Praegitzer Industries) seeking to recover $2,881,840 in damages that it alleges it suffered when a fire destroyed the manufacturing plant of Praegitzer Industries located in Dallas, Oregon on August 13, 1987. Praegitzer Industries filed a counterclaim against Hewlett-Packard seeking to recover for damages to its equipment and to the building which it had leased, and for lost profits and other financial losses in excess of $30,000,000. Hewlett-Packard sought to recover damages from Praegitzer Industries under theories of breach of bailment and negligence. The action brought by Hewlett-Packard against Praegitzer Industries was resolved under the terms of a settlement agreement and mutual release. The counterclaim filed by Praegitzer Industries against Hewlett-Packard is based upon the sale by Hewlett-Packard of used, printed circuit board manufacturing equipment to Praegitzer Industries in November of 1983.
Robert L. Praegitzer filed a counterclaim against Hewlett-Packard to recover in excess of five million dollars in damages that he alleges he sustained in the fire on August 13, 1987. Praegitzer alleges that he owned the building in which the manufacturing plant was housed; that he leased the building to Praegitzer Industries; and that the building was destroyed by the fire. Praegitzer and Praegitzer Industries allege that Hewlett-Packard’s plating equipment caused the fire, and that Hewlett-Packard was negligent in failing to warn Praegitzer Industries that the plating equipment was a fire hazard.
The counterclaims filed by Praegitzer and Praegitzer Industries were resolved against Praegitzer and Praegitzer Industries by an opinion and order of this court filed on September 11, 1992, in which summary judgment was granted in favor of *633 Hewlett-Packard and against Praegitzer and Praegitzer Industries. The court concluded that “[a]ny failure to warn by Hewlett-Packard was not a substantial factor in bringing about the fire under [the] circumstances.” Opinion, p. 11.
Hewlett-Packard now moves the court for the entry of final judgment as to the counterclaims filed by Praegitzer and Prae-gitzer Industries. Praegitzer and Praegit-zer Industries move the court to reconsider its order granting summary judgment in favor of Hewlett-Packard on the counterclaim and to order a trial as to whether the failure of Hewlett-Packard to warn Prae-gitzer Industries of the risk of fire associated with the normal use of the plating equipment caused the fire and the damage to Praegitzer and Praegitzer Industries. Praegitzer and Praegitzer Industries argue that a recent decision of the Oregon Court of Appeals, Fields v. Jantec, Inc., 115 Or.App. 350, 839 P.2d 723 (1992), is remarkably similar to the facts of this case and is dispositive of the issues before this court.
Hewlett-Packard contends that the Fields case is neither new law nor disposi-tive, and that this court should deny the motion of Praegitzer and Praegitzer Industries for a new trial and enter judgment in favor of Hewlett-Packard.
APPLICABLE STANDARD
A motion for reconsideration must demonstrate some reason why the court should reconsider its decision. The motion must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice. All Hawaii Tours Corp. v. Polynesian Cultural Ctr., 116 F.R.D. 645, 648 (D.Haw.1987), rev’d in part on other grounds, 855 F.2d 860 (9th Cir.1988).
ANALYSIS AND RULING
In Fields, the plaintiff sued the defendants to recover damages for the amputation of her hand caused by a cheese grinder while she was at work in a pizza parlor. The plaintiff claimed that the present and former owners of the pizza parlor negligently caused the accident. The Oregon Court of Appeals affirmed the summary judgment order in favor of the present owners of the pizza parlor on the grounds that they were statutorily immune from suit because of the exclusive remedies provided by the worker’s compensation laws of the State of Oregon. The Court of Appeals then analyzed the plaintiffs claims against the two remaining defendants, the former corporate owner of the restaurant sued in its corporate capacity and the former sole shareholder of the former corporate owner of the restaurant sued in his individual capacity. The Court of Appeals explained:
The real issue is whether it was reasonably foreseeable that plaintiff would be injured by defendants’ conduct and whether their conduct was unreasonable.
Plaintiff alleges that Brown and Jantec were negligent in removing a safety guard, failing to replace the guard and transferring the grinder to Broughton & Harrell without warning of its dangerous condition. She alleges that they knew or had reason to know that, without the guard, the grinder was dangerous and that it was foreseeable that an employee would be injured while using it.
Brown and other employees testified that there was no guard on the grinder when it was purchased or afterwards. Brown filed an affidavit saying that, before plaintiff’s injury, he was not aware of any injuries arising out of the use of the grinder and that he had not seen a guard identified in an operator’s manual or on the grinder. Plaintiff presented evidence that Brown had extensive experience in the pizza business, had frequently visited Abby’s and had observed how the staff performed their duties, including the grinding of cheese. There is also evidence that Jantec’s management was aware of the danger of the machine without a guard, because several employees had requested that one be *634 added. Jantec’s former district manager testified that the grinder had holes that looked like something could have been bolted through. It would have cost approximately $150 to make a guard. Before the transfer, a representative of Broughton & Harrell had inspected the grinder and indicated that Jantec should obtain a guard.
Brown, as a corporate officer is not protected from personal liability if he authorized, directed or participated in tortious conduct. We conclude that there is a genuine issue of material fact as to whether Brown was negligent in failing to direct the placement of a safety guard on the grinder. A trier of fact could infer that he had reason to know that the grinder should have a guard and that his conduct unreasonably created a foreseeable risk to plaintiff.
Although it is not clear from the record whether plaintiff is seeking to hold Jantec liable apart from any liability of Broughton & Harrell as a shareholder of the dissolved corporation, we address Jantec’s separate liability. In the light of the testimony about Brown’s knowledge of the dangerous condition of the grinder, there is also an issue of fact as to whether Jantec was negligent on the basis of respondeat superior when it transferred the grinder without installing a safety guard. Because, arguably, the risk of harm is great and the cost is minimal, the reasonableness of defendants’ conduct should be determined by the factfinder.
115 Or.App. at 357-58, 839 P.2d 723 (footnote and citations omitted).
The Fields case is factually different from this case, and the legal issues are not the same. The court concludes that the Fields case does not impact the law or the result in this case.
The only facts presented by Praegitzer and Praegitzer Industries in support of their counterclaim relate to whether Hewlett-Packard negligently failed to warn that the equipment was a dangerous fire hazard. This is not a case like Fields where there is evidence that Hewlett-Packard knew of a safety device that reasonably should have been installed, but that Hewlett-Packard failed to do so. The evidence in this case is undisputed that Hewlett-Packard installed sprinklers in the exhaust plenum of the used plating equipment and that Praegitzer Industries removed the sprinklers and did not replace them. The Fields case does not support the contention of Praegitzer and Praegitzer Industries that the order of summary judgment for Hewlett-Packard was entered in error and should be reversed.
CONCLUSION
The motion of Hewlett-Packard for final judgments (# 123) is granted. The motion of Robert L. Praegitzer and Praegitzer Industries for a new trial (# 125) is denied.